Louis J. Casanta and Nancy L. Casanta, his wife, Appellants *v.* Clearfield County Tax Claim Bureau, Board of Commissioners of Clearfield County and Robert W. Strong and Joan A. Strong, his wife, Appellees.

Argued May 8, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*John Sughrue,* for appellants.

*David E. Blakley, Blakley & Jones,* for appellees.

OPINION BY JUDGE PALLADINO, October 15, 1981:

Appellants (husband and wife landowners) appeal an order of the Court of Common Pleas of Clearfield County, confirming a tax sale and dismissing Appellants' exceptions to the sale of their land in Clearfield County by the Appellee-Clearfield County Tax Claim Bureau (Bureau) for the satisfaction of unpaid tax claims against their land. We reverse the order of the court of common pleas.

After two tax claims against Appellants' property had become absolute in accordance with Section 311 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.311, the Bureau notified Appellants of the forthcoming sale of their property to satisfy unpaid taxes. On July 11, 1977, by United States registered[1] mail, return receipt

---

[1] Section 602 of the Law requires notice by certified mail. "Registered mail" and "certified mail" are statutory equivalents. Section 1991 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1991.

requested, pursuant to Section 602 of the Law, 72 P.S. §5860.602, the Bureau sent Appellants a tax sale notice advising Appellants that their land would be sold for the "approximate upset price" of $81.79.[2] The parties have stipulated that (1) the envelope containing this notice was returned to the Bureau with the word "UNCLAIMED"[3] stamped on it by the postal authorities and (2) the return-receipt card was not returned to the Bureau. Additionally, on July 14, 1977, by United States registered mail, return receipt requested, the Bureau sent Appellants a tax sale notice advising Appellants that their land would be sold for the "approximate upset price" of $81.32.[4] This notice was received by Appellants as acknowledged by delivery to the Bureau of the return-receipt card signed by Appellant-wife.[5]

Responding to the latter tax sale notice, Appellants, on August 15, 1977, sent the Bureau a check in the amount of $81.32. The Bureau received Appel-

---

[2] Although this notice did not include any explanatory language relating the notice to a particular tax year, the parties have stipulated that this notice corresponded to outstanding 1974 taxes.

[3] Actual notice to landowners of an anticipated tax sale of their property is not required. However, the Bureau must adhere to the enumerated statutory mailing procedures which are designed to give reasonable notice to landowners. *Clawson Appeal*, 39 Pa. Commonwealth Ct. 492, 395 A.2d 703 (1979) ; *Chester County Tax Claim Bureau Appeal*, 208 Pa. Superior Ct. 384, 222 A.2d 602 (1966).

[4] Although this notice did not include any explanatory language relating the notice to a particular tax year, the parties have stipulated that this notice corresponded to outstanding 1975 taxes.

[5] Where a husband and wife are living together, a single notice received by one spouse is sufficient notice to both spouses. *Everett, Inc. v. Ayres*, 22 Pa. Commonwealth Ct. 422, 349 A.2d 514 (1975). *Contra, Teslovich v. Johnson*, 486 Pa. 622, 406 A.2d 1374 (1979), which requires individual notice to *each* landowner. By its own language, *Teslovich* is confined to a prospective effect. Therefore, because in the present case all of the notices were sent before *Teslovich* was decided, *Teslovich* is not controlling here.

lants' check on August 18, 1977, and recorded the check as satisfying the 1975 tax claim against Appellants' property. Then, on September 12, 1977, the Bureau sold Appellants' property to satisfy unpaid 1974 taxes.

Appellants contend that the Bureau failed to notify them of the forthcoming tax sale of their land according to the requisites of Section 602 of the Law.[6] "[T]he notice provisions of the Tax Sale Law are strictly construed to guard against deprivation of the property without due process of law." *Povlow Appeal*, 48 Pa. Commonwealth Ct. 435, 438, 410 A.2d 376, 378 (1980); *Stephens Appeal*, 53 Pa. Commonwealth Ct. 423, 419 A.2d 206 (1980); *Grace Building Co. Appeal*, 48 Pa. Commonwealth Ct. 507, 412 A.2d 645 (1980). Under Section 602, proper notice requires, *inter alia*, that the upset price[7] for which land is being offered at a tax sale be announced by three statutorily delineated means.[8]

By stipulation, Appellants and the Bureau have agreed that the upset sale price of $262.57 was correctly conveyed by two statutory means: (1) newspaper advertisements and (2) posting on Appellants' land. However, Appellants maintain that notice of

---

[6] Because this contention is dispositive of the case, Appellants' allegations of an implied agreement to stay the tax sale and an improper form of return of the tax sale to the court of common pleas, are not herein discussed.

[7] Section 605 of the Law, 72 P.S. §5860.605, defines the upset sale price, in pertinent part, as "the *sum* of (a) the tax liens . . . , (b) the amount of the claim absolute and interest thereon . . . , (c) the amount of any other tax claim or tax judgment . . . and interest . . . , (d) the amount of all accrued taxes . . . , (e) the amount of the municipal claims . . . , and (f) the record costs and costs of sale. . . ." (Emphasis added.)

[8] Section 602 requires notice of an impending tax sale to be provided by (1) advertisement for three consecutive weeks in two newspapers of general circulation in the county, (2) posting on the property to be sold, and (3) United States certified mail, personal addressee only, return receipt requested, postage prepaid.

the upset price of $262.57 was not sent to them by certified mail. "All three types of notice, namely publication, certified mail, and posting, are required for a valid tax sale; if any is defective, the sale is void." *Daubenspeck Appeal,* 48 Pa. Commonwealth Ct. 612, 614, 411 A.2d 837, 838 (1980); *Brown v. Barnes Real Estate Co.,* 44 Pa. Commonwealth Ct. 439, 404 A.2d 437 (1979).

In tax sale cases the Bureau has the burden of proving compliance with the statutory notice provisions. As Judge ROGERS has aptly explained in *Clawson Appeal,* 39 Pa. Commonwealth Ct. 492, 395 A.2d 703 (1979), the Real Estate Tax Sale Law

> impose[s] duties, not on owners, but on the agencies responsible for sales; and such of those duties as relate to the giving of notice to owners of impending sales of their properties must be strictly complied with. Hence, the inquiry is not to be focused on the neglect of the owners, . . . but on whether the activities of the Bureau comply with the requirements of the statute.

*Id.* at 498-99, 395 A.2d at 706. Attempting to establish compliance with the mail notice provision, the Bureau avers in its brief that "[b]y final notice, dated August 22, 1977, Appellants were notified by Certified Mail, that both the 1975 and 1974 taxes were due, and that the approximate upset sale price, for both years, was $262.57. This notice was unclaimed by the Appellants. (Appellants' Exhibit 14, R45a)." However, Appellants' Exhibit 14 is merely a copy of a tax sale notice which, the parties have stipulated, was *posted* on Appellants' land. Appellants and the Bureau have not stipulated that notice of the upset price of $262.57 was *sent by certified mail* to Appellants.

The record is devoid of any evidence showing an attempt by the Bureau to mail Appellants a tax sale notice listing the upset price of $262.57. While the

record is replete with evidence of proper mailings of other kinds of notice, the record does not include evidence either of (1) the postal authorities' handling of an envelope or return-receipt card corresponding to the notice of an upset price of $262.57 or (2) the Bureau's own business records[9] regarding the mailing of the notice of an upset price of $262.57.

The record does show, and the parties have stipulated, that by registered mail, return-receipt requested, the Bureau sent Appellants a tax sale notice listing an upset sale price of $81.79 and a tax sale notice listing an upset sale price of $81.32. However, both notices are defective with respect to the tax sale of Appellants' property because they do not set forth the *total* amount for which the property will be offered, *i.e.*, the upset sale price of $262.57.[10]

Accordingly, we will enter the following

## ORDER

AND Now, October 15, 1981, the order of the Court of Common Pleas of Clearfield County, dated April 6, 1979, at page 580 of Misc. Dkt. 8 is hereby reversed; the exception of Appellants Louis J. Casanta and his wife Nancy L. Casanta, concerning the Tax Claim Bureau's failure to properly notify Appellants of the sale of their land in Clearfield County, is hereby sustained, and the tax sale of Appellants' land to Robert W. Strong and his wife Joan A. Strong is hereby invalidated. This case is remanded to the Court of Common Pleas of Clearfield County for further proceedings consistent with this opinion and Section 607(e) of the Real Estate Tax Sale Law, 72 P.S. §5860.607(e).

---

[9] *Chester County Tax Claim Bureau Appeal.*

[10] Section 605 of the Law specifically states that the upset price is the *sum* of, *inter alia*, all outstanding tax claims. Neither tax sale notice sent to Appellants advised Appellants of the *aggregate* for which their property would be offered at the tax sale.