In Re Property of M. Barry and Sandra J. Moskowitz in Tredyffrin Township. Property No. 43-6P-3.1 on Trephanny Lane. M. Barry and Sandra J. Moskowitz, Appellants.

Argued June 11, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Andrew J. Trevelise*, with him *Thomas O. Malcolm*, and *Alan R. Shaddinger, Malcolm & Riley, P.C.*, for appellants.

*Maurice M. Green*, with him *Susan P. Windle*, for appellee.

OPINION BY JUDGE CRAIG, July 28, 1982:

M. Barry and Sandra J. Moskowitz, husband and wife, appeal an order of the Court of Common Pleas of Chester County confirming the tax sale of real property in Tredyffrin Township which they owned as tenants by the entireties. The Real Estate Tax Sale Law[1] (Tax Law) governed the sale.

Because 1976 county and school taxes were delinquent, the county tax claim bureau (bureau) sold the

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803.

property to Area Homes, Inc. on September 11, 1978. We must decide whether the bureau complied with the notice requirements of Section 602 of the Tax Law.[2]

The sheriff posted a tax sale notice on the property on August 2, 1978. The notice is not in dispute.

The bureau also had notice of the sale published in two newspapers of general circulation in the county on August 19, August 26 and September 2, 1978, and in the county legal journal. Two publications of the notice in one newspaper showed "Moskowitz" spelled properly. In all other published notices, an "a" appeared instead of the "z" at the end of the petitioner's surname, so that these notices identified the property as being owned by "Moskowita, M. Barry and Sandra J." All of the published notices identified the property by its full and proper address, which followed the owners' names.

The common pleas court, applying the doctrine of *idem sonans*, concluded that the misspelled notices fulfilled the published notice requirements of Section 602. We agree that absolute accuracy in spelling of names in notices published pursuant to Section 602 is not required when (1) the name,, as misspelled, is essentially the same as the name correctly spelled, (2) the misspelled name adequately identifies the owner[3] and (3) the party is not prejudiced by the misspelling. *See Ross Appeal*, 366 Pa. 100, 76 A.2d 749 (1950).

The bureau also sent notice by certified mail to the Moskowitzes at their correct address. Sandra Moskowitz signed the receipt for that notice on June 30, 1978, but the wording of the address is disputed.

---

[2] 72 P.S. §5860.602.

[3] We note that public notice is designed to alert the general public. *Hicks v. Och*, 17 Pa. Commonwealth Ct. 190, 331 A.2d 219 (1975).

Petitioners contend that the address read "Dr. and Mrs. M.B. Moskowitz," which is the wording shown on the return receipt card. Area Homes contends that the address read "M. Barry and Sandra J. Moskowitz," the address shown on the property record maintained by the county tax assessment office. The trial court concluded that it did not need to decide how the address read. Because this case is controlled by *Tax Claim Bureau v. Wheatcroft*, 2 Pa. Commonwealth Ct. 400, 278 A.2d 172 (1971), we must agree.

In *Teslovich v. Johnson*, 486 Pa. 622, 406 A.2d 1374 (1979), our Supreme Court held that Section 602 requires separate and individual notice to each tenant by the entireties, but the court specifically directed that such interpretation be given only prospective effect, beginning thirty days after the decision was filed, November 22, 1979.[4] Because the Moskowitzes were in court challenging the statutory adequacy of this one jointly addressed notice before *Teslovich*, they argue that applying *Teslovich* prospectively will violate their constitutional rights to due process and equal protection of the law. However, we must follow the direction of the Supreme Court and decline to apply the separate notice construction to this case.

Section 602 also requires that published notices set forth the approximate upset price. The upset price listed on all the notices was $1,301.75, the sum of the delinquent 1976 county and school taxes, plus the interest and costs, as shown on the bureau's ledger *at the time the notices were prepared*. The actual final upset price paid by Area Homes was $3,024.22, which included 1978 county and school taxes plus advertising and posting costs, municipal sewer and water charges

---

[4] Accordingly, we have refused to apply *Teslovich* retroactively. *See Stephens Appeal*, 53 Pa. Commonwealth Ct. 423, 419 A.2d 206 (1980).

and transfer tax. (The 1977 taxes had been paid.) The Moskowitzes have not shown that they were prejudiced by the non-inclusion of the 1978 taxes and other charges and costs in the published upset price.[5] Obviously, the bureau, in formulating the upset price at the time of publication, could do no better than to reflect the charges on its record at that point.[6] Section 605 of the Tax Law recognizes all the components to be included in the final upset price at the time of sale,[7] as distinguished from the approximation to be given in the notice. We decide that the upset price used in the published notices — correct at that time — was proper.

Accordingly, we affirm.

---

[5] *Casanta v. Clearfield County Tax Claim Bureau*, 62 Pa. Commonwealth Ct. 216, 435 A.2d 681 (1981) is, therefore, distinguishable.

[6] The published notice included the following statement: TO THE APPROXIMATE PRICE GIVEN BELOW shall be added at the time of actual sale the amount of all accrued taxes, whether or not returned, the amount of municipal claims against the recorded costs and proportionate cost of sale and research.

[7] Section 605 of the Tax Law, 72 P.S. §5860.605, provides in part:

The bureau shall fix as the upset price ... the sum of (a) the tax liens of the Commonwealth, (b) the amount of the claim absolute and interest thereon on which the sale is being held, (c) the amount of any other tax claim or tax judgment due on such property and interest on the judgment to the date of sale, (d) the amount of all accrued taxes including taxes levied for the current year, whether or not returned, a record of which shall be furnished to the bureau by tax collectors, receivers of taxes and taxing districts, (e) the amount of the municipal claims against the property, and (f) the record costs and costs of sale, including pro rata costs of the publication of notice and costs of mail and posted notices in connection with the return of the claim and mail and posted notices of sale.

34

## ORDER

Now, July 28, 1982, the order of the Court of Common Pleas of Chester County dated September 22, 1981, at Misc. No. 275-P of 1978, is hereby affirmed.

## AMENDED ORDER

Now, August 9, 1982, the order in the above-captioned matter issued July 28, 1982 is hereby amended to read as follows:

Now, August 9, 1982, the orders of the Court of Common Pleas of Chester County dated June 18, 1980 and August 4, 1980 at Misc. No. 275-P of 1978, are hereby affirmed.