Janet M. Basehore and Earl F. Basehore, Appellants v. Dauphin County Tax Claim Bureau and Alan Goldstein, Appellees.

Argued April 30, 1984, before Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*William J. Fulton*, with him, *Robert D. Kodak, Graf, Knupp & Andrews, P.C.*, for appellants.

*Frederick R. Martsolf, Connelly, Martsolf & Reid*, for appellee, Dauphin County Tax Claim Bureau.

*Norman M. Yoffe, Norman M. Yoffe, P.C.*, for appellee, Alan Goldstein.

OPINION BY JUDGE DOYLE, August 29, 1984:

Before us is an appeal of a decision and order of the Court of Common Pleas of Dauphin County which affirmed a tax sale of the property of Janet M. Basehore.

Appellant Basehore[1] is the record owner of certain land situated in East Hanover Township, Dauphin

---

[1] Earl F. Basehore joined his wife in challenging the sale before the court of common pleas, claiming entitlement to personal notice because he retained an inchoate interest in the property under the Divorce Code, Act of April 2, 1980, P.L. 63, 23 P.S. §§101-801. Basehore also raised a constitutional challenge to the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803, insofar as it did not protect his inchoate interest. These issues were not raised on appeal to this Court.

County, Pennsylvania. The premises in question were sold on September 13, 1982 at public sale to Louis Goldstein and Alan Goldstein for unpaid 1980 and 1981 taxes.

Before this Court, Appellant urges that the sale must be voided for failure to comply with the provisions of the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101—5860.803. Specifically, Appellant complains that (1) published notice of the impending sale erroneously listed the sale date as September 14, 1982 instead of September 13; (2) the published notices inadequately described the parcels to be sold; (3) the property subject to sale was never posted; and (4) post-sale notice to Appellant was untimely.

Appellant concedes that she was properly served with personal notice of the impending sale under Section 602 of the Tax Sale Law, 72 P.S. §5860.602. As to the error in the published notice, there is also no factual dispute.[2] At the top, just under the headline announcing ''Dauphin Co. Tax Sale Notice,'' the notice read:

TAX CLAIM BUREAU
TAX SALE NOTICE
SEPTEMBER 14, 1982 & NOVEMBER 8, 1982

In the body of the notice, however, the correct date, September 13, 1982 appeared twice. The Court of

---

[2] In the objections to the sale pleaded before the court of common pleas, Appellants objected to error in the notice published in the *Dauphin County Law Journal*. In brief to this Court, Appellants also allege error in the notice published in *The Patriot*. The court of common pleas found that notices published in *The Patriot* and *The Middletown Journal* were correct. The record indicates, however, that the error in the *Dauphin County Law Journal* was repeated in *The Patriot*. In any event, the Appellees concede that the error did appear in the *Dauphin County Law Journal*, and whether the error was duplicated elsewhere is not dispositive.

Common Pleas, in affirming the sale, reasoned that insofar as Appellant had not relied on the erroneous date in the published notice, and had been properly served with personal notice, no prejudice had been shown to justify voiding the sale.

We have repeatedly held that the notice provisions of the Tax Sale Law must be strictly adhered to, *Povlow Appeal*, 48 Pa. Commonwealth Ct. 435, 410 A.2d 376 (1980), without consideration of whether the error resulted in prejudice to the owner by lack of actual notice. *See A. G. Properties, Inc. Appeal*, 70 Pa. Commonwealth Ct. 152, 452 A.2d 893 (1982). We have also noted that the requirements of published notice serve a purpose different from notice mailed to the property owner, and defective published notice is not cured by proper personal notice. *Hicks v. Och*, 17 Pa. Commonwealth Ct. 190, 331 A.2d 219 (1975).

The Appellee Tax Claim Bureau urges that our opinion, *In Re: Property of Moskowitz*, 68 Pa. Commonwealth Ct. 29, 447 A.2d 1114 (1982), does indicate that prejudice to the property owner by error in the published notice must be shown. It does not. In that case, the published notice misspelled the property owners' name as "Moskowita" instead of "Moskowitz." We upheld the court of common pleas application of the doctrine of *idem sonans* and reasoned that misspelled notices satisfied the notice requirements of Section 602, 72 P.S. §5860.602,

> when (1) the name, as misspelled, is essentially the same as the name correctly spelled, (2) the misspelled name adequately identifies the owner and (3) the party is not prejudiced by the misspelling. (Footnote omitted.)

68 Pa. Commonwealth Ct. at 31, 447 A.2d at 1115. The instant case, of course, does not present us with a simple misspelling of a name, and therefore *Mosko-*

*witz* is not directly on point. By logical extension, however, the standard articulated in *Moskowitz* deems a published notice sufficient only if (1) the incorrect information is essentially the same as the information printed correctly, (2) the incorrect information conveys the same meaning as if it were printed correctly and no confusion or misleading of the public is likely, and (3) the error works no prejudice on any of the parties. In the case at bar, we cannot say that the two conflicting dates are essentially the same, and they obviously do not convey the same meaning. As noted below, the error also serves to confuse and cannot be said to adequately inform the public of the correct date. The absence of prejudice to Appellant, therefore, is not dispositive.

Appellee Goldstein urges that the published notice substantially complied with the Tax Sale Law, arguing that the appearance of the correct date twice in the body of the notice cured the defect appearing at the top. We do not agree. The purpose of the published notice provisions is to inform the public of the impending tax sale. *Hicks*. As published, the notice lists two dates for the sale. Goldstein reasons that the reader need only look to the body of the notice to be correctly informed of the date of the sale, so the notice adequately serves its purpose. That reasoning, however, sustainable only through the wisdom of hindsight. Since we *now* know that the sale occurred on September 13, 1982, we know that the *body* of the notice, and not the heading, indicated the correct date. Prior to the sale, the reader of the published notice could know only that a sale was scheduled for either September 13, or September 14. The reader could not know which date was correct or incorrect, only that the notice presented an inconsistency. Nothing in the notice would inform the reader that the date in the body, rather than that in the heading, was the correct

date. The notice could not, then, correctly inform the public of the date of the sale.

Consequently, the published notice was fatally defective and we must reverse. Because we void the sale on this basis we need not address Appellant's other objections to the sale.

### ORDER

Now, August 29, 1984, the Order of the Court of Common Pleas of Dauphin County in the above referenced matter, dated July 27, 1983, is hereby reversed.