## In Re: Hake v. Erie Tax Claim Bureau

*Angelo P. Arduini*, for plaintiff.
*Ted G. Miller*, for Tax Claim Bureau.
*Dale Huntley, David Holland*, for intervenors.

JIULIANTE, *J.*, June 18, 1985—This matter comes before the court on Charles E. Hake's objections to confirmation of tax sale, and his petition to set aside tax sale. For the reasons set forth below, we find in favor of petitioner and will set aside the

tax sale of the property commonly known as 502-504 Wallace Street, Erie, Pa.

Notice of the sale in question was published in the Erie Morning News, the Erie Daily Times, and Erie County Legal Journal. The published notices erroneously listed the owner's name as Charles E. Make instead of Charles E. Hake. The Commonwealth Court of Pennsylvania has continually held that the notice provisions of the Real Estate Tax Sale Law, 72 P.S. §5860.101 et seq., must be strictly adhered to. Pavlow Appeal, 48 Pa. Commw. 435, 410 A.2d 376 (1980). However, there are instances where the misspelling of the owner's name in published notice has been deemed to satisfy the notice requirements. In re: Property of Moskowitz, 68 Pa. Commw. 29, 447 A.2d 1114 (1982). The standard with which to determine whether the error or misspelling satisfies the notice requirements is as follows:

1. The incorrect information is essentially the same as the information printed correctly.

2. The incorrect information conveys the same meaning as if it were printed correctly and no confusion or misleading of the public is likely.

3. The error works no prejudice on any of the parties. Basehore v. Dauphin County Tax Claim Bureau, 84 Pa. Commw. 640, 480 A.2d 1313 (1984).

Here, because the misspelling involves the first letter of the landowner's surname, we find that the misspelling is not essentially the same as the correct spelling of the owner's name. We further find that the incorrect spelling does not convey the same meaning as the correct name, and is obviously misleading. Thus, the published notice was defective and did not satisfy the notice requirements of the Real Estate Tax Sale Law. Defective published notice cannot be cured by the serving of proper per-

sonal notice. Hicks v. Och, 17 Pa. Commw. 190, 331 A.2d 219 (1975). Therefore, the tax sale must be overturned.

### ORDER

And now, this June 18, 1985, for the reasons set forth in the above opinion, it is hereby ordered, adjudged and decreed that the tax sale of the parcel of land commonly known as 502-504 Wallace Street, Erie, Pa., Erie County Tax Index Number 14-10-14-106, is declared null and void.