507 A.2d 932

Joseph L. Ozark, Jr., Appellant *v.* The Zoning Hearing Board of the Borough of West Pittston, Appellee.

Argued February 4, 1986, before Judges ROGERS and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Barry J. Chromey,* for appellant.

*Chester D. Newhart,* for appellee.

*James T. Lesho,* for intervenor, Joseph Castellino.

OPINION BY SENIOR JUDGE BARBIERI, April 17, 1986:

Joseph L. Ozark appeals here the order of the Luzerne County Court of Common Pleas granting the motion of the Zoning Hearing Board of the Borough of West Pittston (Board) to quash Ozark's appeal from the Board's denial of Ozark's application for a variance to erect a three foot by five foot illumination sign on property zoned R-2.

The Board scheduled a hearing on March 15, 1984 to consider Ozark's application. At a meeting of the Board members on April 4, 1984, the Board decided to deny the variance. Notice of the Board's decision was sent via certified mail to Ozark and via regular mail to his attorney on April 11, 1984 and April 26, 1984. Ozark refused delivery of both certified letters because the letter was addressed to "Ozack" rather than "Ozark"; the address was otherwise correct. On May

15, 1984 the Board sent Ozark a third certified letter, addressed correctly, which Ozark accepted. Thereafter on May 29, 1984, Ozark filed an appeal to the common pleas court which the Board moved to quash for untimeliness. Neither Ozark nor his counsel appeared at the hearing scheduled by the common pleas court to consider the Board's motion. The Board secretary testified at the hearing and the court found that three letters had been sent to Ozark and to his attorney as Ozark had requested to notify them of the Board's decision. The court held that Ozark and/or his attorney first received sufficient written notice on April 12, 1984[1] of the Board's denial of the application for a variance and that the appeal, filed May 29, 1984, was intimely. The instant appeal ensued.

Ozark argues on appeal that he was not notified of the Board's decision as required by Section 908(10) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(10), until he received the letter of May 15, 1984 and that his appeal filed May 29, 1984 was filed well within the thirty day limitation period.[2]

---

[1] While the court emphasizes the date of receipt, the discussion below will point out that the emphasis should be on the date of mailing.

[2] Ozark also argues that the Board's meeting of April 4, 1984 at which the Board made its decision to deny the variance violated the mandates of the Open Meeting Law, Act of July 19, 1974, P.L. 486, *as amended,* 65 P.S. §§261-269 and that the Board's alleged failure to notify Ozark of its decision within forty-five days entitles Ozark to a deemed decision in his favor pursuant to Section 908(9) of the MPC, 53 P.S. §10908(9), which provides that, when a board fails to render a decision within forty-five days, the decision shall be deemed to have been rendered in favor of the applicant. Since Ozark failed to raise these arguments at the hearing before the common pleas court on the motion to quash, we need not consider them on appeal.

Section 5571 of the Judicial Code, 42 Pa. C. S. §5571, requires that an appeal from a tribunal or other government unit to a court must be commenced within thirty days after the entry of the order from which the appeal is taken. Similarly, and even more germane, Section 1006 of the MPC, 53 P.S. §11006, provides in subsection (3)(b) that zoning appeals to court are to be taken by appeal filed within thirty days after notice of the decision is issued. Section 908(10) of the MPC, 53 P.S. §10908(10) requires a copy of the zoning board's decision to be delivered to the applicant personally or mailed to him, and Section 5572 of the Judicial Code, 42 Pa. C. S. §5572, provides that the date of entry of an order of a government unit shall be the date of mailing if service is by mail. Thus, Ozark was required to file his appeal to the common pleas court within thirty days of the date notice of the Board's decision was mailed to him.

Ozark would assert, therefore, that the date of entry of the Board's decision for appeal purposes should not be until May 15, 1984 since it was not until that date that the Board correctly spelled his name. In the case of *In re Property of M. Barry and Sandra J. Moskowitz in Treddyfrin Township,* 68 Pa. Commonwealth Ct. 29, 447 A.2d 1114 (1982) the property owners' name was misspelled in newspaper tax sale notices. The notices identified the property as being owned by "Moskowita, M. Barry and Sandra J." although they properly identified the property address. This Court decided that the statutory notice requirements had been met and stated that absolute accuracy in spelling is not required when "(1) the name, as misspelled, is essentially the same as the name correctly spelled, (2) the misspelled name adequately identifies the owner and (3) the party is not prejudiced by the misspelling." 68 Pa. Commonwealth Ct. at 31, 441 A.2d at 1115. This Court noted that the

tax claim bureau had also sent notice by certified mail to the Moskowitzes at their correct address and that Sandra Moskowitz signed the return receipt.

We hold that the common pleas court was correct in quashing Ozark's appeal. Ozark was not justified in refusing service of the letters of April 11 and April 24. The name, although misspelled, adequately identified Ozark as the recipient of the letter. In any event, Ozark does not dispute that carbon copies of the letters to him from the Board were sent to his attorney; notice by a court, board or commission given to the counsel of a party is considered notice to the party. *Yeager v. United Natural Gas Co.,* 197 Pa. Superior Ct. 25, 176 A.2d 455 (1961). *Cf. Beekhuis v. Zoning Hearing Board of Middletown,* 59 Pa. Commonwealth Ct. 307, 429 A.2d 1231 (1981) (no valid issuance of notice of board's decision to dismiss appeal attacking the validity of the requirement of a minimum of one acre for each single-family dwelling built on property zoned R-2 residential until appellants' counsel notified).

Courts have no power to extend the period for taking appeals absent fraud or its equivalent, *Dixon Estate,* 443 Pa. 303, 279 A.2d 39 (1971), or some breakdown in the court's operation, *West Penn Power Company v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975).[3] Accordingly, we will issue an order affirming the common pleas court's order quashing Ozark's appeal.

## ORDER

AND NOW, this 17th day of April, 1986, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is affirmed.

---

[3] We are, therefore, loathe to extend the appeal period for an appellant who unjustifiably refused service of the decision which he currently wishes to appeal.