**William H. MICHENER, Jr.**

v.

**MONTGOMERY COUNTY TAX CLAIM BUREAU and Mallard Park, Inc.,**

**Mallard Park, Inc., Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 13, 1995.
Decided Feb. 6, 1996.

---

1. *Emmaus Municipal Authority v. Eltz,* 416 Pa. 123, 204 A.2d 926 (1964).

Alfred O. Breinig, Jr., for Appellants.

Charles J. King, Jr., for Appellee.

Before COLINS, President Judge, SMITH, J., and KELTON, Senior Judge.

SMITH, Judge.

Mallard Park, Inc. (Purchaser) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) that granted the petition filed by William H. Michener, Jr. (Michener) to set aside the upset tax sale by the Montgomery County Tax Claim Bureau (Bureau) of a parcel of real estate in Norristown Borough (subject property). The questions Purchaser presents are: (1) whether the Purchaser's denials of the allegations of the petition in its answer and the facts it pleaded there were deemed admitted; (2) whether Margaret E. Quinn

was the registered owner of the subject property at all times; (3) whether Michener pleaded that additional efforts were required by the Bureau to identify and notify the owner or created a factual record that would impose such a duty on the Bureau or established that such efforts were not made; and (4) whether the tax sale is presumed to be valid until Michener proves the contrary by competent evidence.

The Bureau sold the subject property to Purchaser at a tax sale on November 24, 1992, due to nonpayment of real estate taxes for the years 1989 through 1991. The subject property was previously listed for tax sale in 1991. Shortly before that scheduled sale, counsel for Michener informed the Director of the Bureau by telephone call and letter that Margaret E. Quinn was the registered owner; that she had died; that her estate had been opened with the Montgomery County Register of Wills, and the terms of her will left the subject property to Michener, but the estate had not yet been distributed; that Michener was disabled and of very limited income and currently hospitalized; and that counsel was representing Michener in a personal injury action and would use his best efforts to see that the delinquent taxes were paid from any settlement. The subject property was withdrawn from that tax sale.

In Paragraph 5 of his petition to set aside the tax sale Michener alleged that the Bureau attempted to provide notice to Margaret E. Quinn; in Paragraph 6 he alleged that she had died in March 1986, that letters testamentary were granted to Michener by the Register of Wills in that year and that the proceedings were of record at a specified docket number in the Register's Office. In its answer to Michener's petition, Purchaser admitted the allegations of Paragraphs 5 and 6. The Bureau's response to Paragraph 5 was the same as its response to all Paragraphs except three: "Denied. All proper notices for the Tax Sale/Tax delinquency were properly served, posted and/or advertised upon all interested parties." The Bureau's response to Paragraph 6 was: "After reasonable investigation, the Respondent is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies same."

Michener did not go forward to take depositions or complete other discovery. Following oral argument, the trial court granted the petition to set aside the sale, concluding that the record before the court established that the Bureau had not complied with requirements of Section 607.1 of the Real Estate Tax Sale Law (Tax Sale Law).[1] This appeal followed.[2]

## I.

Section 602 of the Tax Sale Law, 72 P.S. § 5860.602, imposes notification requirements before a tax sale of real property in the form of publication, certified mail and posting of the property. In addition, Section 607.1 provides in part:

(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him.

 Purchaser first argues at length that Michener should be deemed to have admitted all of the allegations contained in Purchaser's answer, under Montgomery

---

1. Act of July 7, 1947, P.L. 1368, *as amended,* added by Section 30 of the Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.607a.

2. This Court's scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence. *Chester County Tax Claim Bureau v. Griffith,* 113 Pa.Cmwlth. 105, 536 A.2d 503 (1988).

County Rule of Civil Procedure (Local Rule) 209*(c):

> Whenever an averment of fact in a petition is denied in one of the forms set forth in Pa.R.C.P. 1029, or whenever the answer shall contain new matter so entitled, the denial or new matter shall be deemed admitted unless the petitioner shall support his petition (a) by testimony, in the event that a judge shall fix a time for the taking thereof, or (b) by depositions filed at least ten (10) days before the time finally fixed for hearing argument of the matter.

This argument fails for the following reasons. First, as the trial court noted, Purchaser in its answer admitted the averments of Paragraphs 5 and 6. The allegations of those paragraphs were therefore established as facts not subject to dispute before any discovery was undertaken or further proceedings initiated. The trial court observed that the Bureau's efforts to obtain personal service of Margaret E. Quinn were obviously unsuccessful. In view of Purchaser's admissions, no further evidence was necessary to establish that the "reasonable efforts" requirement of Section 607.1 of the Tax Sale Law was triggered.[3]

■ Second, Local Rule 209*(c) by its own terms applies to averments of fact. The Bureau's repeated assertion in its response to the petition that all proper notices were properly published, served or posted in regard to all interested parties states a pure conclusion of law, indeed, a conclusion as to the central legal issue in the case. "[F]ailure to file a responsive pleading where required results only in the admission of factual averments, not legal conclusions. Pa.R.C.P No. 1029." *Landis v. City of Philadelphia*, 245 Pa.Superior Ct. 514, 518, 369 A.2d 746, 748 (1976). The same principle applies to deemed admissions of averments of fact under Local Rule 209*(c). Therefore, Michener's failure to take testimony or depositions could not have the effect claimed by Purchaser of admitting a legal conclusion.

Purchaser's reliance on *Davis v. Woxall Hotel, Inc.*, 395 Pa.Superior Ct. 465, 577 A.2d 636 (1990), and *Katz v. Unit Dose, Inc.*, 96 Montg. Co. L.R. 248 (1973), is misplaced. *Davis* involved an attempt to open a confessed judgment; the trial court listed the matter for argument and ordered completion of discovery within 60 days. The judgment debtor's attempt to take a deposition long after the expiration of that period, without any excuse, violated the court order. In *Katz* the purchaser of a drugstore against whom judgment was confessed petitioned to open. The seller denied the averments of the petition with detailed factual averments, which were later deemed admitted under Local Rule 209*(c) and which provide stark contrast with the general denials of the Bureau in this case.

## II.

■ Purchaser next asserts that Margaret E. Quinn was the registered owner of the subject property, that is, the person in whose name the property was last registered according to the deed registration system in Montgomery County. Michener could have

---

**3.** As Purchaser notes, Local Rule 209*(c) modifies Pa.R.C.P. No. 209 by permitting deemed admissions without first holding a hearing. However, the Local Rule has no effect on the operation of Pa.R.C.P. No. 1029, which the Local Rule expressly incorporates by requiring a denial of an averment of fact "in one of the forms set forth in Pa.R.C.P. 1029...." As Michener correctly notes, the Bureau's response to Paragraph 5 stating simply that it is denied and all proper notification was made is a general denial, which has the effect of an admission pursuant to Pa. R.C.P. No. 1029(b): "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission." *Swift v. Milner*, 371 Pa.Superior Ct. 302, 538 A.2d 28 (1988). If the Bureau did not send a notice to Margaret E. Quinn, it should have stated so specifically. If it sent notice to some other person, it should have stated so by way of further answer or in new matter.

The Bureau's denial of the allegations of Paragraph 6 concerning Margaret E. Quinn's death and the pendency of proceedings in the office of the Register of Wills, based on lack of knowledge after reasonable investigation, also was not sufficient. "[A]n averment of lack of knowledge is not a sufficient denial under Pa.R.C.P. No. 1029(c) when it is manifest from the fact averred in the pleading that the means of proof are matters of public record." *Strank v. Mercy Hospital of Johnstown*, 376 Pa. 305, 308, 102 A.2d 170, 171–172 (1954).

become the registered owner by registering a deed from the estate of Margaret E. Quinn or registering her will, but he did neither. Michener alleged in Paragraph 1 of his petition that he was the "owner" of the subject property; he did not, however, allege that he was the "registered owner." As the trial court pointed out, determination of the question of whether the tax sale at issue here was conducted in compliance with Section 607.1 in no way requires a determination that Michener was the registered owner. The question is whether the Bureau exercised reasonable efforts to discover the whereabouts of Margaret E. Quinn when it did not receive a return receipt signed by the decedent.

■ Purchaser notes that Michener did not plead that additional efforts were required to be undertaken, and it contends that there is no factual record in this case that leads to such a conclusion. It complains that the trial court went outside the record in making its decision, possibly deriving information from the memorandum of law filed by Michener. From the admitted facts that notice was sent to Margaret E. Quinn and that she was no longer living, the trial court drew the inescapable factual conclusion that the Bureau did not receive a return receipt signed by her. By the plain language of Section 607.1 of the Tax Sale Law, this fact triggered the Bureau's duty to make reasonable efforts to determine her whereabouts. Any minor factual references made by the trial court to matters outside the record had no bearing on the central situation, which was of record.

■ Finally, Purchaser contends that a presumption of regularity should attach to tax sales, that the burden should be on the challenger to go forward to present evidence to overcome this presumption and that Michener's failure to create a record means that he did not meet this burden. Purchaser acknowledges that this Court has long held that, where a party challenges the regularity of a tax sale of property, the county tax claim bureau bears the burden of proving compliance with the statutory notice provisions. *Casanta v. Clearfield County Tax Claim Bureau,* 62 Pa.Cmwlth. 216, 435 A.2d 681 (1981). Purchaser, however, refers to earlier cases,

in particular *Hughes v. Chaplin,* 389 Pa. 93, 132 A.2d 200 (1957), holding that a presumption exists as to the regularity of the acts of public officers and applying this principle to tax sales " 'until the contrary appears.' " 389 Pa. at 95, 132 A.2d at 202 (quoting *Beacom v. Robison,* 157 Pa.Superior Ct. 515, 521, 43 A.2d 640, 643 (1945)).

In *Dolphin Service Corp. v. Montgomery County Tax Claim Bureau,* 125 Pa.Cmwlth. 220, 557 A.2d 38 (1989), *appeals denied,* 525 Pa. 588, 575 A.2d 117, and *sub nom. Petition of 850 Modena Street, Inc.,* 525 Pa. 588, 575 A.2d 118 (1990), this Court harmonized *Casanta* with *Hughes* by holding that a property owner, by filing exceptions to the sale and averring that the tax claim bureau did not comply with statutory procedures, overcomes the presumption. Purchaser nonetheless urges the Court to repudiate *Casanta* and its progeny.

Michener's failure to take testimony or depositions arguably did constitute a deemed admission of the factual allegation in Purchaser's answer that Margaret E. Quinn was the last person registered as the owner (although Local Rule 209*(c) appears to require that such an averment be made in new matter). As discussed above, the pleadings in this case, including express and deemed admissions, were sufficient to establish that the Bureau did not receive a return receipt signed by the last registered owner. Thus on the basis of the pleadings, "the contrary appear[ed]" as to the regularity of the acts of the Bureau, even in terms of Purchaser's interpretation of *Hughes.* In that sense, there is no reason for the Court to reconsider *Casanta* and its progeny.

The Court declines Purchaser's request for a repudiation of *Casanta.* The Supreme Court has emphasized that federal and state constitutional due process requirements apply whenever the government subjects a citizen's property to forfeiture for nonpayment of taxes. In *Geier v. Tax Claim Bureau of Schuylkill County,* 527 Pa. 41, 588 A.2d 480 (1991), the Supreme Court affirmed this Court's holding that constitutional principles required a tax claim bureau to make additional reasonable efforts to determine the correct names and addresses of owners of

property scheduled for tax sale, even though the notices that were challenged in *Geier* complied with the statutory requirements in effect at the time they were provided. Where the subject matter is of such vital and fundamental importance, this Court sees reason, not error, in placing on the government agency that has sold a citizen's property the burden to show that it complied with statutory notice requirements whenever a party states a prima facie challenge to the agency's compliance. The order of the trial court is affirmed.

### ORDER

AND NOW, this 6th day of February, 1996, the order of the Court of Common Pleas of Montgomery County is affirmed.

