## Anthony Dandola Associates Mortgage Corp. v. Makhoul

*Jason M. Leon,* for petitioner.

*Rebecca Craggs,* for respondent Makhoul.

*James F. Marsh,* for Monroe County Tax Caim Bureau.

MILLER, *J.,* June 30, 2006—

## I. FINDINGS OF FACT

(1) On May 22, 2003, the petitioner, Anthony Dandola Associates Mortgage Corp., took title to a parcel of land situate in Delaware Water Gap Borough, identified as .13 acres and Tax Code number 4/113704. The land was vacant at the time purchased and remains vacant through the present date.

(2) When the petitioner failed to make payment of the real estate taxes for the year 2003, the Monroe County Tax Claim Bureau scheduled an Upset Tax Sale for the premises for September 14, 2005.

(3) On May 18, 2005, the Monroe County Tax Claim Bureau dispatched a written notice to the petitioner at his Ramsey, New Jersey address advising him that:

"Your property is about to be sold without your consent for delinquent taxes. Your property may be sold for a small fraction of its market value."

The notice also advised of the time and date of the sale and that the sale would be published in the *Pocono Record* and the *Monroe County Legal Reporter* on August 12, 2005. The records of the Monroe County Tax Claim Bureau show that this notice was sent to the correct address and received by the company (see page 10 of joint exhibit no. 1).

(4) On August 2, 2005, a representative of the Monroe County Tax Claim Bureau posted a notice of sale on the property.

(5) On August 2, 2005, the Monroe County Tax Claim Bureau returned a business check to the petitioner along with a letter explaining that payment for the 2003-2004 taxes was required to be made with money order, cashiers check or certified check. It also told petitioner that the property was subject to tax sale on September 14, 2005.

(6) On September 14, 2005, respondent Kamal F. Makhoul purchased the subject premises at the Upset Tax Sale.

## II. DISCUSSION

In *Casanta v. Clearfield County Tax Claim Bureau,* 62 Pa. Commw. 216, 435 A.2d 681 (1981), our Commonwealth Court held that in tax sale cases, the tax claim bureau has the burden of proving compliance with the statutory notice provisions. Thus, the Real Estate Tax Sale Law imposes duties, not on owners, but on the agencies responsible for sales; and such of those duties as relate to the giving of notice to owners of impending sales of their property must be strictly complied with. The notice requires notice to be delivered to the record owner of the property exposed to tax sale and the general public in three ways. The first is publishing notice of the sale in a newspaper of general circulation in the county and the county legal journal designated by the court for publication of legal notices. Secondly, each owner must receive notice at least 30 days in advance by certified mail, return receipt requested. Finally, a notice conforming to the statute must be posted on the property subject to the sale at least 10 days prior to the sale.

In the case at bar, the records of the Tax Claim Bureau submitted as a joint exhibit by the parties has established all of the foregoing aspects of notice to the petitioner in this case. While the petitioner did not appear at our evidentiary hearing, the record confirms that notice of the sale was published both in the *Pocono Record* and the *Monroe County Legal Reporter* and the property itself was posted.

The primary issue raised by petitioner's counsel was whether or not petitioner received actual notice of the sale. The certified record of the Tax Claim Bureau admit-

ted without objection contains the notice forwarded on May 18, 2005 and the return receipt signed and post-marked Ramsey, New Jersey, June 7, 2005. While petitioner's counsel argues that there is no evidence that the signer of the return receipt had authority to accept mail from the corporation, the court has no evidence to the contrary. We find that petitioner's argument of notice is without merit.

Petitioner's second legal argument is that he attempted in good faith to pay these taxes and the check was returned by the Tax Claim Bureau. The certified record indicates that on August 2, 2005, the Tax Claim Bureau returned a business check to petitioner's address in Ramsey, New Jersey. The cover letter from the Tax Claim Bureau advised petitioner that only money orders, cashiers checks or certified checks are acceptable. The notice on May 28, 2005 forwarded to petitioner states the following:

"We accept only certified checks, money orders or cashiers checks. No cash, personal checks or business checks accepted."

Petitioner has cited no legal authority to support his argument that a good faith attempt to pay the taxes allows us to set aside the sale. Our research has not uncovered any legal authority either.

### III. CONCLUSION

(1) The Monroe County Tax Claim Bureau complied with all the notice requirements of 72 P.S. §5860.602 before subjecting the petitioner's premises to a tax sale.

(2) An attempt to make payment which does not comply with the requirements of the notice is not the basis to set aside a tax sale.

## ORDER

And now June 30, 2006, it is ordered that the petition of Anthony Dandola Associates Mortgage Corp. to set aside the Upset Tax Sale of its premises situated in Delaware Water Gap Borough, Monroe County, Pennsylvania, identified as Tax Code number 4/113704 is dismissed.