# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

D. Keith Dixon                            :
Heather Merritt-Dixon (wife),       :
                   Appellants    :
                                   :
           v.                 :   No. 943 C.D. 2017
                                   :   Submitted: April 13, 2018
Amity Township Board of Supervisors,  :
Amity Township, Pennsylvania      :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED: August 23, 2018**


         D. Keith Dixon and Heather Merritt-Dixon (Appellants), *pro se*, appeal from an order of the Court of Common Pleas of Berks County (trial court), dated June 8, 2017. The trial court granted Amity Township Board of Supervisors (Board) and Amity Township's (Township) (collectively, Appellees) motion for summary judgment (Motion), thereby dismissing Appellants' Complaint with prejudice. For the reasons set forth below, we affirm.

         Appellants are the owners of real property (Property) located at 639 Old Airport Road in the Township. The Property contains an on-lot sewage disposal system. On January 17, 2006, the Board adopted Ordinance No. 221, known as the "Amity Township On-Lot Sewage Disposal System Management Ordinance"

(Ordinance).[1]  The Board adopted the Ordinance pursuant to The Second Class Township Code (SCTC),[2] The Clean Streams Law (CSL),[3] and the Pennsylvania Sewage Facilities Act (PSFA),[4] all of which, according to the Township, grant the Township "the authority and the obligation to provide for adequate sewage treatment facilities and for the protection of public health by preventing the discharge of untreated or inadequately treated sewage."  Section 201(b) of the Ordinance.  The stated purpose of the Ordinance includes, *inter alia*, "to provide for the regulation, inspection, maintenance, and rehabilitation of on-lot sewage disposal systems within [the] Township[.]"  Section 201(c) of the Ordinance.

The Ordinance requires that all preexisting on-lot sewage disposal systems "be inspected by a Township Sewage Enforcement Officer [(SEO)] or [a Pennsylvania Department of Labor and Industry] Certified Plumbing Inspector every three (3) years in conjunction with a pumping schedule and regions established by the Township."  Section 205(a) of the Ordinance.  In connection with the inspection, owners of on-lot sewage disposal systems are required to pay a maintenance inspection fee of $65.  (Supplemental Reproduced Record (Supp. R.R.) at 126b.)  The Ordinance also requires that all individuals owning a building that is serviced by an on-lot sewage disposal system "have the septic tank pumped by a licensed Pumper/Hauler . . . at least once every three (3) years in accordance with a schedule and regions developed by the Township."  Section 207(a) of the Ordinance.

---

[1] The Ordinance amended and restated Part 2, entitled "On-Lot Sewage Disposal Systems," of Chapter XXIII, entitled "Sewers and Sewage Disposal," of the Township's Code of Ordinances.

[2] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101-68701.

[3] Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §§ 691.1-.1001.

[4] Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §§ 750.1-.20a.

An owner of an on-lot sewage disposal system that is convicted in a summary proceeding for a violation[5] of the Ordinance is liable to pay a fine in an amount not less than $500 nor more than $5,000. Section 213 of the Ordinance. An owner that fails to pay such fine may be subject to imprisonment for a period not to exceed 90 days. Section 213 of the Ordinance.

Appellants refused to permit the Township's SEO to perform an inspection of their on-lot sewage disposal system or to pay the $65 maintenance inspection fee.[6] As a result, on March 13, 2009, the Township issued a notice of violation to Appellants. Appellants appealed the notice of violation to the Board, which denied Appellants' appeal. In so doing, the Board concluded that Appellants violated the Ordinance by failing to consent to the inspection of their on-lot sewage disposal system. Appellants did not appeal the Board's decision to the trial court.

On September 16, 2009, Appellants filed this declaratory judgment action, seeking a declaration that the Ordinance is invalid and unconstitutional. Appellants alleged, *inter alia*, that: (1) the Ordinance's penalty provisions subject a person who violates the Ordinance to imprisonment without a trial by jury and a monetary fine that is not authorized by existing law; (2) the Ordinance grants authority to the Township to perform a warrantless search and seizure of privately-owned property—*i.e.*, an inspection of an on-lot sewage disposal system (search) and the payment of a $65 inspection maintenance fee (seizure); and (3) the

---

[5] "Each day or portion thereof in which a violation exists shall be considered to be a separate violation, and each Section [of the Ordinance] which is violated shall be considered to be a separate violation." Section 213 of the Ordinance.

[6] While Appellants also initially refused to provide the Township with proof that they had the septic tank serving their on-lot sewage disposal system pumped as required by the Ordinance, they eventually produced a receipt indicating that the septic tank was pumped on June 1, 2007.

SCTC, the CSL, and the PSFA did not provide the Township with the necessary authority to enact the Ordinance.

On August 15, 2012, Appellees filed their Motion.[7] In their Motion and supporting memorandum of law, Appellees argued that they were entitled to summary judgment because the Ordinance is constitutionally valid and there is no genuine issue of material fact that would require Appellants' claims to be submitted to a fact finder. In opposition to Appellees' Motion, Appellants argued that the trial court should deny Appellees' Motion because there were numerous material facts in dispute.[8] By order dated June 8, 2017, the trial court granted Appellees' Motion and dismissed Appellants' Complaint with prejudice. This appeal followed.

On appeal,[9] Appellants argue that the trial court erred by failing to deem Appellees' responses to the averments set forth in their Complaint as admissions in accordance with Pennsylvania Rule of Civil Procedure No. 1029(b). Appellants argue further that the trial court erred by granting Appellees' Motion because, in

---

[7] Shortly after Appellees filed their Motion, the case entered a 4-year period of inactivity. On May 20, 2016, the trial court notified Appellants that it intended to terminate the case for inactivity unless Appellants filed a statement of intention to proceed. Appellants filed their statement of intention to proceed on July 14, 2016. Thereafter, on April 4, 2017, Appellants filed a motion for judgment on the pleadings, which the trial court denied by order dated May 1, 2017. Appellants did not appeal the trial court's denial of their motion for judgment on the pleadings as part of this appeal.

[8] In their filing entitled "Plaintiffs' Opposition to Defendants' Motion for Summary Judgment with Verified Issues of Material Facts in Dispute," Appellants identify 62 of what they refer to as "verified genuine issues of material fact."

[9] "The scope of this Court's review of a grant or denial of summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion." *Kaplan v. Se. Pa. Transp. Auth.*, 688 A.2d 736, 738 n.2 (Pa. Cmwlth. 1997). "Summary judgment is appropriate only when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Guy M. Cooper, Inc. v. E. Penn Sch. Dist.*, 903 A.2d 608, 613 (Pa. Cmwlth. 2006), *appeal denied*, 918 A.2d 748 (Pa. 2007).

4

light of such admissions, Appellees essentially admitted all of Appellants' claims and, therefore, were not entitled to judgment as a matter of law. In response, Appellees argue that their responses to the averments set forth in Appellants' Complaint "were sufficient to avoid the occurrence of any deemed admissions." (Appellees' Br. at 21.) More specifically, Appellees argue that the averments set forth in Appellants' Complaint constituted "conclusions of law, naked conclusions, evidentiary allegations, expressions of opinion or other argumentative allegations," and, therefore, the Township was "not required to responsively plead in detail." (Appellees' Br. at 18.) Appellees also argue that the trial court properly granted their Motion because Appellants have failed to "identify any disputed material facts that could support a verdict in [Appellants'] favor" or "develop any substantive legal argument . . . to support the propositions that the Ordinance and its enforcement upon [Appellants] and the [Property] is unconstitutional or improper." (Appellees' Br. at 16, 22.)

Pennsylvania Rule of Civil Procedure No. 1029 provides, in pertinent part:

> (a) A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. A party denying only a part of an averment shall specify so much of it as is admitted and shall deny the remainder. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

> (b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.

> . . . .

5

(d) Averments in a pleading to which no responsive pleading is required shall be deemed to be denied.

"While averments of fact require a denial, conclusions of law do not compel a response." *Rohrer v. Pope*, 918 A.2d 122, 129 (Pa. Super. 2007). In other words, a party's failure to file a responsive pleading to a "pure conclusion of law" or "a conclusion as to the central legal issue in the case" does not result in a deemed admission. *Michener v. Montgomery Cty. Tax Claim Bureau*, 671 A.2d 285, 288 (Pa. Cmwlth. 1996). "A legal conclusion is a statement of a legal duty without stating the facts from which the duty arises." *Kaiser v. W. States Adm'rs*, 702 A.2d 609, 614 (Pa. Cmwlth. 1997). "A statement of the existence of a fact could be a legal conclusion if the fact stated is one of the ultimate issues in the proceeding." *Id.*

Here, Appellants contend that all of Appellees' responses to the averments set forth in their Complaint, except for those that Appellees expressly admitted, are non-responsive, general denials and should have been deemed admitted by the trial court in accordance with Pennsylvania Rule of Civil Procedure No. 1029(b). Despite their contention, however, Appellants have cited only a few examples of Appellees' alleged non-responsive, general denials—*i.e.*, Appellees' responses to paragraphs 1, 10, 92, 101, 110, 136, and 138 of Appellants' Complaint.[10] Our review of paragraphs 1, 10, 92, 101, 110, 136, and 138 of Appellants' Complaint and Appellees' responses thereto reveals that Appellees' responses comply with Pennsylvania Rule of Civil Procedure No. 1029 and, therefore, are adequate to deny Appellants' averments. Paragraphs 1, 10, 92, 101, 110, 136, and 138 of Appellants' Complaint do not contain any factual averments

_____

[10] Appellants have waived any argument that Appellees' remaining responses to their Complaint were insufficient and should have been deemed admitted, because they failed to specifically identify or address Appellees' remaining responses in their brief to this Court.

that require a responsive pleading. *See* Pa. R.C.P. No. 1029(a). Rather, such paragraphs set forth legal conclusions, quote written documents, and/or provide Appellants' characterizations of written documents. Appellees could have completely ignored or denied these paragraphs without any explanation because they do not require a responsive pleading. *See* Pa. R.C.P. No. 1029(a), (d). For these reasons, we cannot conclude that the trial court erred by failing to deem Appellees' responses to the averments set forth in Appellants' Complaint as admissions.

In addition, even assuming, *arguendo*, that Appellees' responses to the averments set forth in Appellants' Complaint are deemed admitted, Appellants have failed to either: (1) identify any genuine issues of material fact that remain for a fact finder to consider; or (2) develop any legal argument that establishes how Appellees' deemed admissions prove that the Ordinance and its application to Appellants and the Property is invalid, unconstitutional, and/or improper. In other words, Appellants have failed to demonstrate why, in light of Appellees' deemed admissions to the averments set forth in Appellants' Complaint, the trial court should have denied Appellees' Motion. For these reasons, we cannot conclude that the trial court erred by granting Appellees' Motion.

Accordingly, we affirm the trial court's order.


_____
P. KEVIN BROBSON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

D. Keith Dixon                      :
Heather Merritt-Dixon (wife),     :
                    Appellants   :
                            :
          v.             :   No. 943 C.D. 2017
                            :
Amity Township Board of Supervisors,  :
Amity Township, Pennsylvania     :

# O R D E R

AND NOW, this 23rd day of August, 2018, the order of the Court of Common Pleas of Berks County is hereby AFFIRMED.

 

 

_____
P. KEVIN BROBSON, Judge