606 A.2d 635

**Gordon F. RINIER and Helen F. Rinier**

v.

**TAX CLAIM BUREAU OF DELAWARE COUNTY and T.L. Simpson Co., Inc.**

**Appeal of T.L. SIMPSON CO., INC.**

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1991.
Decided March 27, 1992.

Alfred O. Breinig, Jr., for appellant.

Michael P. Dignazio, for appellees.

Before CRAIG, President Judge, COLINS, J. (P.), and SILVESTRI, Senior Judge.

COLINS, Judge.

T.L. Simpson Co., Inc. (Simpson) appeals from an order of the Court of Common Pleas of Delaware County (common pleas), setting aside a tax sale of property owned by Gordon F. and Helen F. Rinier (appellees), by the Delaware County Tax Claim Bureau (Bureau).

On September 28, 1987, the Bureau put appellees' property at 10 Ridley Avenue, Aldan, Pennsylvania, up for sale. Appellees filed timely objections and, pursuant to a hearing on October 17, 1988, common pleas entered an order setting aside the tax sale.

On December 1, 1988, Simpson, who had been the successful bidder at the tax sale, petitioned common pleas for permission to intervene. Subsequently, on December 2, 1988, common pleas entered an order temporarily suspending the October 17, 1988 order and, on June 5, 1989, entered a second order allowing Simpson's intervention and scheduling a hearing *de novo* on appellees' petition to set aside the tax sale. The *de novo* hearing was held on October 15, 1990, where evidence was presented that appellees, since 1973, had been divorced and living apart, with Helen F. Rinier living in Florida for a substantial part of the time relevant to the tax sale.

At both the October 17, 1988 and October 15, 1990 hearings, a deputy sheriff testified that he attempted three times to personally serve the notice of sale on appellees by visiting their premises on August 16, 1987 and August 17, 1987, but never found either appellee there. The sheriff further testified that, during his last visit to appellees' premises, he left a copy of the notice but could not remember exactly where. Thereafter, the Bureau mailed one notice of return and claim, by certified mail, return receipt requested, to the subject premises, as required by the Real Estate Tax Sale Law (Tax Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803.

The notice provisions of the Tax Law provide the following:

(a) Not later than the thirty-first day of July of each year, the bureau shall give only one notice of the return of said taxes and the entry of such claim in one envelope for each delinquent taxable property, by United States registered mail or United States certified mail, return receipt requested, postage prepaid, addressed to the owners at the same address listed on the form returned by the tax collector for taxes that are delinquent. In the case of property owned by joint tenants, tenants in common, or husband and wife as tenants by the entireties, the bureau may give the notice required by this section by forwarding only one notice addressed to such joint tenants, tenants in common or husband and wife at the same post office address. If the owner of the property is unknown and has been unknown for a period of not less than five years, such notice shall be given only by posting on the property affected. If no post office address of the owner is known or if a notice mailed to an owner at such last known post office address is not delivered by the postal authorities, then notice as herein provided shall be posted on the property affected.... Each mailed and posted notice shall, (1) show all the information shown on the claim entered, (2) state that if payment of the amount due the several taxing districts for said taxes is not made to the bureau on or before the thirty-first day of December next following, and no exceptions thereto are filed, the said claim shall become absolute....

Section 308 of the Tax Law, 72 P.S. § 5860.308.

(a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the

approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.

.　　.　　.　　.　　.

(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

Section 602 of the Tax Law, 72 P.S. § 5860.602.

In the present case, the return receipt was signed only by appellee Gordon F. Rinier on January 10, 1986, and the Bureau did not send any separate notice of return to appellee Helen F. Rinier, who no longer lived at the subject premises having been divorced from appellee Gordon F. Rinier since 1973.

Citing as authority Section 308 of the Tax Law and *Boehm v. Barnes*, 63 Pa. Commonwealth Ct. 87, 437 A.2d 784 (1981), common pleas, by its order of December 11, 1990, found the tax sale invalid, because the Bureau failed to comply with the requirement of notifying each delinquent property owner of the tax sale, and failed to meet its

burden of proving proper posting of the tax sale notice. It is from this order that Simpson now appeals.

The issue before this Court is whether substantial evidence in the record supports common pleas' decision invalidating the tax sale, because the Bureau: (1) failed to mail notice of the tax sale to each individual appellee; (2) failed to make a good faith attempt to discover appellee Helen F. Rinier's new address; and (3) failed to meet its burden of proving that notice of the tax sale was properly posted.

In tax sale cases, our scope of review is limited to determining whether the common pleas court abused its discretion, rendered a decision lacking supporting evidence or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith*, 113 Pa.Commonwealth Ct. 105, 536 A.2d 503 (1988).

Simpson first contends that common pleas erred in setting aside the tax sale because the notice of return and claim was addressed to *both* appellees, although it was mailed in *one* envelope. Simpson further points out that appellee Helen F. Rinier never notified the U.S. Postal Service, the County Board of Assessment, or the Bureau that she had a different address from her husband, and that no other address was listed for her in the records of either the Prothonotary or the Office of the Recorder of Deeds for Delaware County. Additionally, Simpson contends that common pleas erred in relying on *Boehm*, which does not clarify what constitutes "each delinquent taxable," and argues that the term, "taxable," refers to the real estate itself, not to the property owner. The legislative intent of Section 308 of the Tax Law, avers Simpson, is that notice be mailed to each parcel of real estate, not to each owner, and that "in the case of property owners who are joint tenants, tenants in common, or husband and wife as tenants by the entireties, the Bureau is required to forward only one notice addressed to such joint tenants, tenants in common or husband and wife at the same post office address."

Further, Simpson argues that common pleas erred in finding that notice of the tax sale in the present case had

not been properly posted, especially since appellee Gordon F. Rinier never testified as to improper posting. Simpson contends that: (1) the copy for posting had been given to the sheriff (who gave credible testimony of having posted the notice upon appellees' premises); (2) the return of posting itself created a presumption of proper posting; and (3) after a three-year time lapse, the sheriff's inability to recall precise details of the posting · did not rebut this presumption. Moreover, Simpson contends that common pleas erred in shifting to him, instead of appellees, the burden of persuasion as to whether the premises had, in fact, been properly posted.

Finally, it is Simpson's position that common pleas erred in its order of November 16, 1990 allowing appellees, after the conclusion of the hearing, to amend their petition to set aside the tax sale (which petition originally did not question the proper posting of the notice) to allege that the notice was not properly posted. Simpson argues that allowing this amendment prejudiced him, because the issue of proper posting was never raised during the hearing.

In rebutting Simpson's arguments, appellees first contend that common pleas lacked jurisdiction on December 2, 1988 to suspend its previous October 17, 1988 order setting aside the tax sale. Appellees allege that common pleas had only thirty (30) days from the date its original order was entered within which to modify it, and that because the October 17, 1988 order was docketed on October 24, 1988, the last day for modifying the order would have been November 24, 1988.

Second, appellees argue that common pleas erred in its June 5, 1989 order allowing Simpson to intervene on the basis that, as the successful bidder in the tax sale, Simpson was a party to the action and entitled to receive notice of the hearing date for appellees' original petition to set aside the sale. Appellees maintain that only owners, not successful bidders, have standing to challenge the propriety of a tax sale. Appellees aver that, in any event, Simpson failed to file his petition to intervene within the 30–day appeal

period, or "during the pendency of an action," within the meaning of Pa.R.C.P. 2327. Accordingly, appellees contend that Simpson's intervention cannot be allowed after the entry of a final decree.

Third, appellees reject Simpson's argument that the term "taxable" refers to the *res*, rather than to the property owners, and contend that the *Boehm* decision controls in requiring that notice of a pending tax sale be mailed to each owner. Appellees aver, therefore, that the Bureau failed to give proper notice to appellee Helen F. Rinier and failed to show evidence of having made a good faith attempt to do so.

Finally, appellees argue that common pleas was correct in determining that notice of the sale had not been properly posted on the premises, and that appellees had no "quantum of evidence" they had to meet in order to rebut a presumption of proper posting. By filing exceptions to the tax sale and averring that the Bureau failed to comply with statutory notice provisions, appellees maintain that, as property owners, they have overcome all presumptions of Bureau compliance. It is appellees' further contention that testimony elicited from the deputy sheriff indicates that he went to appellees' premises, not for the purpose of conspicuously posting the notice but, rather, to personally serve it upon appellees, and that he lacked a clear understanding of posting requirements.

Addressing first the procedural issue raised by appellees' argument that common pleas erred in allowing Simpson to intervene after the entry of its final order, we agree with common pleas that the very fact of being the successful bidder for appellees' premises at the tax sale, gives Simpson standing to intervene. In this regard, "[t]he finality of an order is a 'judicial conclusion' that can be reached only after an examination of the order's ramifications. In so doing, the Court will look beyond the technical effect of the adjudication and base its decision on the practical effect." *Barasch v. Pennsylvania Public Utility Commission*, 115 Pa.Commonwealth Ct. 147, 159, 540 A.2d 966, 971 (1988), *petitions for allowance of appeal granted,*

521 Pa. 623, 557 A.2d 726, 521 Pa. 626, 557 A.2d 728, 521 Pa. 627, 557 A.2d 728 (1989). In light of this rationale, common pleas did not err in permitting Simpson's intervention as successful bidder.

Our examination of the record discloses substantial evidence supporting common pleas in its decision to set aside the tax sale of appellees' property, based on the Bureau's failure to mail notice of the tax sale to each appellee and failure to prove that it expended reasonable effort to give notice of the tax sale to each appellee, and failure to prove compliance with the posting requirements, all of which are requisite for a valid tax sale.

■ In the present case, the return receipt for the mailed notification of tax sale was signed only by Gordon F. Rinier, not Helen F. Rinier, and the Bureau failed to send a separate notice of return to Helen F. Rinier at her new address. Although Simpson argues that the phrase "each delinquent taxable" refers to the real property itself and not to each individual owner (thereby relieving the Bureau of the onus of notifying each owner, provided one notice of sale is sent to the property address), the courts traditionally have found otherwise.

Specifically, in *Teslovich v. Johnson*, 486 Pa. 622, 406 A.2d 1374 (1979), our Supreme Court held that, pursuant to Section 602 of the Tax Law "separate and individual notice" should be given "to each named owner of property; regardless of whether that owner holds in common, in joint, or by the entireties." *Id.*, 486 Pa. at 628, 406 A.2d at 1378. In *Teslovich*, the Fayette County Tax Claim Bureau failed to mail two separate and individual tax sale notices to Garfield Shoyer and his wife, Rosetta Shoyer, who owned a parcel of land as tenants by entireties, but who were separated and had lived at different residences for three years prior to the tax sale. The Supreme Court affirmed this Court's decision and reasoned that:

> The instant case amply demonstrates the frustration of legislative purpose which can occur when the notice provisions of Section 602 of the Real Estate Tax Sale Law are

construed to permit a single notice to tenants by entireties.

.     .     .     .     .

To interpret Section 602 of the Real Estate Tax Sale Law to permit a single notice to tenants by the entireties is to countenance the taking of a citizen's property under circumstances such as those presented here. Such a taking is completely unrelated to the protection of local government and amounts to no more than a trap for unwary taxpayers.

*Id.,* 486 Pa. at 627, 406 A.2d at 1377, 1378.

Similarly, in *Molchan Appeal,* 94 Pa.Commonwealth Ct. 423, 503 A.2d 1051 (1986), the Warren County Tax Claim Bureau alleged that it sent both Mr. and Mrs. Molchan a notice of tax sale and that Mr. Molchan signed the return receipt. However, Mrs. Molchan alleged that she never received notice. The Court reversed the order of common pleas, stating:

In *Mangine Appeal,* 87 Pa.Commonwealth Ct. 47, 487 A.2d 45 (1985), the tax claim bureau sent a husband and a wife each a notice informing each that a lot they owned was scheduled to be sold for delinquent taxes. The return receipt card sent to the husband was returned signed by the wife. We held that the tax claim bureau was required by Section 602(e)(2) of the Law to send the husband a second notice at least ten days prior to the sale.

In the case *sub judice,* the Bureau came forward with no evidence that they received a return from Mrs. Molchan for the notice they sent her, nor did they come forth with any evidence they sent her a second notice. The Bureau had the burden of proving compliance with statutory notice provisions. *Casanta v. Clearfield County Tax Claim Bureau,* 62 Pa.Commonwealth Ct. 216, 435 A.2d 681 (1981). The Bureau clearly did not meet that burden.

*Id.,* 94 Pa.Commonwealth Ct. at 428, 503 A.2d at 1054.

In clarification of the reference to "each delinquent taxable," we concur with common pleas in relying on *Boehm,*

63 Pa.Commonwealth Ct. at 90, 437 A.2d at 785, in which the Court concluded that "the statutory requirement of notice 'to each delinquent taxable' necessitates bureau recognition of the individual owners."

In addition to the aforementioned provisions of the Tax Law relating to mailing notice of tax sale to each individual landowner, other notice requirements (relevant to whether the Bureau expended reasonable efforts to find and notify Helen F. Rinier) were added in 1986 and are found in Section 607.1 of the Tax Law, 72 P.S. § 5860.607a, as follows:

(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise *reasonable efforts* to discover the whereabouts of such person and notify him. The bureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this act. (Emphasis added.)

In a tax sale case, the burden of proving compliance with statutory notice provisions of the Tax Law lies with the Bureau. *Geier v. Tax Claim Bureau of Schuylkill County*, 131 Pa.Commonwealth Ct. 321, 570 A.2d 134 (1990), *aff'd*, 527 Pa. 41, 588 A.2d 480 (1991). To ensure such compliance, our courts have consistently reaffirmed the principle that the Bureau must make "reasonable efforts" to locate, for notification purposes, any landowner whose property has been exposed for tax sale. In *Tracy v. County of Chester, Tax Claim Bureau*, 507 Pa. 288, 489 A.2d 1334 (1985), our Supreme Court set forth the "reasonable effort" requirement as follows:

> [W]here a taxing authority intends to conduct a sale of real property because of nonpayment of taxes, it must notify the record owner of property by personal service or certified mail, *and where the mailed notice has not been delivered because of an inaccurate address*, the authority must make a *reasonable effort* to ascertain the identity and whereabouts of the owner(s).

. . . . .

Somehow, over the years, taxing authorities have lost sight of the fact that it is a momentous event under the United States and the Pennsylvania Constitutions when a government subjects a citizen's property to forfeiture for the non-payment of taxes. We have had occasion before to note that we hold no brief with wilful, persistent and long standing tax delinquents, but at the same time, we have also observed that the 'strict provisions of the Real Estate Tax Sale Law were never meant to punish taxpayers who omitted through oversight or error . . . to pay their taxes.' *Ross Appeal*, 366 Pa. 100, 107, 76 A.2d 749, 753 (1950). As this Court stated in *Hess v. Westerwick*, 'the purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes.' 366 Pa. 90, 98, 76 A.2d 745, 748 (1950). The collection of taxes, however, may not be implemented without due process of law that is guaranteed in the Commonwealth and federal constitutions; and this due process, as we have stated

here, requires at a minimum that an owner of land be actually notified by government, if reasonably possible, before his land is forfeited by the state.

*Id.,* 507 Pa. at 296–297, 489 A.2d at 1338–1339 (footnote omitted) (emphasis in original).

The Supreme Court in *Tracy* found that the taxing authority's duty to expend reasonable effort commences upon its discovery that a mailed notice of tax sale has not been properly acknowledged and, thus, possibly not delivered. In this event, the Court, applying the *Tracy* rationale, has consistently found that Section 602(e)(2) of the Tax Law requires the Bureau to again attempt to notify an owner of an imminent tax sale. *See In re Upset Price Tax Sale,* 127 Pa.Commonwealth Ct. 400, 561 A.2d 1301 (1989), *petitions for allowance of appeal denied,* 525 Pa. 607, 575 A.2d 571, 525 Pa. 609, 575 A.2d 573 (1990). Failure of the Bureau to do so compels the Court to set the tax sale aside.

■ Such is the present factual situation because the Bureau, upon receiving acknowledgement from only one owner, (the return receipt signed solely by Gordon F. Rinier), had the duty of making a reasonable effort by consulting with Mr. Rinier and with county public records to ascertain the whereabouts of the other owner, Helen F. Rinier, divorced and living in Florida since 1973. The fact that the owners had held the subject property as tenants by the entireties does not relieve the Bureau of the duty to mail notice to each party. *See Mangine Appeal* and *Teslovich.* Because our review of the record discloses no evidence of any reasonable effort expended by the Bureau to locate and notify Helen F. Rinier of the tax sale, we affirm common pleas in finding the Bureau's alleged compliance with mail notice requirements of the Tax Law insufficient.

■ Our review also discloses that substantial evidence in the record supports common pleas' finding that the subject premises was improperly posted with notice of the tax sale. At both the October 17, 1988 and the October 15, 1990 hearings, the deputy sheriff testified that he visited

appellees' premises several times to personally serve the notice, but never found appellees there and, that during his last visit, he left a copy of the tax notice at the premises, but could not recall where. In view of the vagueness of the sheriff's testimony concerning the exact methods of physical posting, common pleas did not err in finding that statutory posting requirements were not complied with.

■ In this regard, Simpson argues that common pleas erroneously shifted the burden of proving proper posting to the Bureau and contends that the presumption of regularity of the acts of public officers, such as the deputy sheriff in this case, applies to tax sales. *Hughes v. Chaplin*, 389 Pa. 93, 132 A.2d 200 (1957). However, in *Ali v. Montgomery County Tax Claim Bureau*, 124 Pa. Commonwealth Ct. 557, 560, 557 A.2d 35, 37 (1989) (emphasis in original), we stated that, "[a]ccording to Hughes, a presumption of regularity exists *until the contrary appears*. By filing exceptions to a tax sale, averring that the statutory notice provisions were not complied with, a property owner creates a contrary appearance." We, therefore, agree with common pleas in finding that appellees clearly objected to the propriety of posting in this case, thereby shifting to the Bureau the burden of proving correct posting, which burden the Bureau failed to meet.

In tax sale matters, the Court has repeatedly held that notice provisions are to be strictly construed, and that strict compliance with such provisions is necessary to guard against deprivation of property without due process of law. *Ali*, 124 Pa. Commonwealth Ct. at 562, 557 A.2d at 37. Common pleas' decision herein reflects this philosophy, along with recognition that Section 602 of the Tax Law sets forth three types of notice, publication, certified mail and posting, all of which are required for a valid tax sale, and that if any one is defective, the sale is void. *Chester Tax Claim Bureau*, 113 Pa. Commonwealth Ct. at 107, 536 A.2d at 504.

Based on the foregoing discussion, substantial evidence in the record unarguably indicates the Bureau failed to comply

with statutory notice provisions and, accordingly, the order of common pleas is affirmed.

## ORDER

AND NOW, this 27th day of March, 1992, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.