**In re Objections of Jeffrey K. ROWAN and Kimberly J. Rowan to Consolidated Return of Sale of Properties for Delinquent Taxes by the Fayette County Tax Claim Bureau and Sale of Property by the Fayette County Tax Claim Bureau.**

**Troy Soberdash, Dean Soberdash, and Andrew Soberdash, Partners t/d/b/a Soberdash Brothers Venture II, Appellants (Two Cases).**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 2000.

Decided Dec. 7, 2000.

John M. Ranker, Greensburg, for appellants.

Donald J. McCue, Connellsville, for appellees.

Before COLINS and LEADBETTER, Judges, and McCLOSKEY, Senior Judge.

LEADBETTER, Judge.

Soberdash Brothers Venture II (Soberdash Brothers), a Pennsylvania partnership[1] appeals from the orders of the Court of Common Pleas of Fayette County, which (1) denied their petition to intervene in an action to set aside the tax sale of 210–212 North Sixth Street, Connellsville, Pennsylvania (subject property or property) and (2) set aside the tax sale of the property based upon the exceptions filed by Jeffrey K. and Kimberly J. Rowan. After review, we affirm the denial of Soberdash Brothers' petition to intervene and dismiss its appeal from common pleas' order setting aside the tax sale.

The Fayette County Tax Claim Bureau (Bureau) sold the subject property at tax sale on October 13, 1999 to Soberdash Brothers, the successful bidder. However, on October 8, five days before the tax sale, the Rowans purchased the property from Mark and Cindy Striner. Prior to the Rowans' settlement on the property, the Bureau provided a tax lien certificate to the Striners' attorney indicating that the tax delinquency equaled $1,451.25. The certificate did not indicate that the property was scheduled for tax sale. The deed evidencing the transfer of the property from the Striners to the Rowans was recorded on October 12, the first business day following settlement. On that same date, the proceeds of the sale were disbursed and a check in the amount of the delinquency was mailed to the Bureau.[2] On November 24, 1999, the Rowans filed timely exceptions to the tax sale. A copy of the exceptions was mailed to Soberdash Brothers, which received it on or before November 29, 1999. On October 30, the Rowans filed a motion to schedule a hearing on the exceptions and by order dated November 30, a hearing was scheduled for December 22, 1999. At the hearing on December 22, Soberdash Brothers peti-

---

1. The partners of Soberdash Brothers are: Troy Soberdash, Dean Soberdash and Andrew Soberdash.

2. The Bureau received the check after the tax sale and subsequently returned it to the Striners' attorney.

tioned for leave to intervene, averring among other things, that it received the court's order scheduling the hearing on December 18, 1999 and that the underlying litigation would significantly affect its rights and ownership in the subject property.

Troy Soberdash testified in support of Soberdash Brothers' petition. Notably, Mr. Soberdash admitted that as of December 22, Soberdash Brothers had not provided the certification required by Section 619.1 of the Real Estate Tax Sale Law (Tax Sale Law),[3] which requires a successful bidder to provide certification to the Bureau that the person is not delinquent in paying real estate taxes to any of the taxing districts where the property is located.

Common pleas denied Soberdash Brothers' petition to intervene on the basis that the partnership had unduly delayed in seeking to intervene in the matter. In addition, common pleas concluded that Soberdash Brothers' failure to comply with Section 619.1 precluded the Bureau from transferring title to the subject property. Therefore, common pleas concluded that Soberdash Brothers had no legally enforceable interest in the property despite being the successful bidder at the tax sale. After denying intervention, the court heard evidence on the merits of the exceptions and set aside the tax sale on the basis that the Bureau had failed to comply with the notice requirements of the Tax Sale Law. Soberdash Brothers appealed both the order denying its petition for leave to intervene and the order granting the Rowans' exceptions and setting aside the tax sale.[4]

**3.** Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.619a. Section 619.1 was added by Section 3 of the Act of December 21, 1998, P.L. 1008.

**4.** This court entered an order on March 2, 2000 declaring both of common pleas' orders to be final appealable orders. With respect to the appeal from the order denying intervention, our review encompasses any properly preserved claim of legal error, erroneous fact-

In addressing Soberdash Brothers' appeal from the order denying their petition to intervene, we note that petitions to intervene are governed by Rules of Civil Procedure 2326–2350. Pursuant to Rule 2327, four categories of persons may intervene in an action, including any person who has a "legally enforceable interest … whether or not such person may be bound by a judgment in the action." Pa.R.C.P. 2327(4). However, under Rule 2329, the court may deny intervention if "[t]he petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties." Pa.R.C.P. 2329(3). In *Larock v. Sugarloaf Township Zoning Hearing Board*, 740 A.2d 308 (Pa.Cmwlth.1999), this court noted that if a petitioner seeking intervention falls within one of the categories described in Rule 2327, permission to intervene is mandatory unless one of the grounds for refusal under Rule 2329 exists. *Id.* at 313.

■■■ On appeal, Soberdash Brothers argues that common pleas erred in concluding that it lacked a legally enforceable interest by virtue of its failure to comply with Section 619.1 of the Tax Sale Law,[5] which provides in pertinent part:

(a) Within twenty (20) days following any sale under this act, a successful bidder shall be required to provide certification to the bureau that the person is not delinquent in paying real estate taxes to any of the taxing districts where the property is located and that the person has no municipal utility bills that are more than one year outstanding.

finding or abuse of discretion. With respect to the order setting aside the tax sale, however, the scope of our review is limited to issues raised by appellant challenging the denial of intervention. This is because as more fully discussed below, Soberdash Brothers has no standing to appeal the merits of the latter order.

**5.** This issue raises a question of law subject to our plenary review.

(b) As used in this section, the following terms shall have the following meanings:

"**Certification,**" shall mean proof via receipts of paid real estate taxes and municipal utility bills within the jurisdiction or a notarized affidavit by the bidder evidencing payment of such real estate taxes and municipal utility bills....

72 P.S. § 5860.619a. Soberdash Brothers concedes on appeal that it owned several properties at the time of the tax sale on which delinquent taxes were owed. By the time of the hearing, which occurred approximately two and one-half months after the tax sale, Soberdash Brothers still had not presented the Bureau with the required certification.[6] Although Section 619.1 does not specify the consequences of failing to provide the required certification, the requirement is mandatory. Indeed, the Director of the Bureau testified that the Bureau would not provide a deed to the property until the successful bidder provided the required certification.[7] Whether submission of the certification after the statutory twenty day period, if accepted by the taxing authority, may cure the failure to comply with Section 619.1 is not before us. In this case, at the time the petition to intervene was presented Soberdash Brothers had failed to satisfy the statutory prerequisites to obtain an enforceable interest in the property, and common pleas did not err in holding that it had none. A legally *unenforceable* interest which may in the future become enforceable simply does not provide for its holder an absolute right to intervene under Rule 2327.

■ Common pleas also denied Soberdash Brothers' petition on the basis of undue delay. Specifically, the court noted that despite being provided with notice of the exceptions in late November 1999, Soberdash Brothers waited until the last minute to file its petition. It is well settled that a determination as to the timeliness of a petition to intervene is exclusively within the exercise of the trial court's discretion, and this court cannot interfere with the court's decision absent a manifest abuse of discretion. *Chairge v. Exeter Borough Zoning Hearing Bd.,* 151 Pa.Cmwlth. 220, 616 A.2d 1057, 1059 (1992). Although this court would generally look with disfavor upon the practice of denying intervention on timeliness grounds where it is requested prior to a hearing on the merits, at least in the absence of a clear showing of prejudice to the existing parties, given the broad discretion of the court and the questionable interest of Soberdash Brothers at the time of their petition, we cannot conclude that a manifest abuse of discretion occurred.

■ Finally, Soberdash Brothers raises substantive complaints regarding common pleas' order granting the Rowans' exceptions and setting aside the tax sale. These issues are not properly before us. With certain exceptions not applicable here, Pa.R.A.P. 501 permits an appeal to this court only by a *party*. *See also M.J.M. Financial Services, Inc. v. Burgess,* 111 Pa.Cmwlth. 301, 533 A.2d 1092, 1094 (1987). Since the trial court denied Soberdash Brothers' petition to intervene, it was not a party before the court with respect to the exceptions and has no standing to challenge the merits of that order on appeal.

6. Moreover, based upon the evidence presented, the court found that no legitimate certification could have been made prior to the hearing date.

7. Soberdash Brothers has directed our attention to *Rinier v. Tax Claim Bureau of Delaware County,* 146 Pa.Cmwlth. 568, 606 A.2d 635 (1992), wherein this court held that the successful bidder at a tax sale has standing to intervene in the subsequent proceedings to set aside the tax sale. While we do not disagree with that general proposition, it should be noted that the intervenor in *Rinier* was not in default of any of his statutory obligations prerequisite to a legally enforceable interest, and was not found to have acted untimely in seeking to intervene.

## ORDER

AND NOW, this 7th day of December, 2000, the order of the Court of Common Pleas of Fayette County, denying Soberdash Brothers' petition to intervene in the above captioned matter is hereby AFFIRMED. In addition, Soberdash Brothers' appeal from the Court of Common Pleas' order, granting the exceptions of Jeffrey K. Rowan and Kimberly J. Rowan and setting aside the tax sale is DISMISSED.