## Difenderfer v. Carbon County Tax Claim Bureau

C.P of Carbon County, no. 99-2511.

*Michael J. Garfield,* for plaintiffs.
*Daniel A. Miscavige,* for defendant Tax Claim Bureau.
*William G. Schwab,* for defendant Gardner Family Trust.

LAVELLE, *S.J.,* June 14, 2001—In this tax sale appeal, the sole issue is whether the Carbon County Tax Claim Bureau complied with the notice requirements of the Tax Sale Law[1] when it sold petitioners' property for unpaid 1997 and 1998 real estate taxes. We hold that it did not and therefore sustain the exceptions.

From the record, we make the following

## FINDINGS OF FACT

(1) At all relevant times, plaintiffs John Difenderfer and Charmaine Difenderfer, his wife, were the owners

---

1. 72 P.S. §5860.602.

of an improved parcel of real estate known as lot no. 1760, section IV, in the development known as Towamensing Trails located in Penn Forest Township, Carbon County, which premises are further identified as tax parcel no. 22A-51-D1760.

(2) On August 10, 1999, at 4:29 p.m., an agent of the Carbon County Tax Claim Bureau posted Difenderfers' property with a notice of public sale by affixing the notice on their dwelling. (Tax Claim Bureau exhibit no. 7.)

(3) The aforesaid notice indicated that the Difenderfers' property would be sold on September 24, 1999, at 10 a.m. with an approximate upset price of $3,597.51.

(4) On July 12, 1999, separate notices of sale were mailed to John Difenderfer and Charmaine Difenderfer by certified mail, restricted delivery, addressed to their last known post office address at 162 W. Palmer Avenue, West Long Branch, New Jersey 07764. (Deposition of Joanne Huber, 12-14.)

(5) The notice addressed to John Difenderfer was received by him on July 19, 1999, as evidenced by a signed certified mail return receipt card. (Joanne Huber deposition, exhibit no. 10.)

(6) The notice addressed to Charmaine Difenderfer was not received by her and was returned to the Carbon County Tax Claim Bureau on August 10, 1999, with the notation "unclaimed" endorsed on the envelope. (Tax Claim Bureau exhibit no. 5.)

(7) On a date unknown, but sometime on or after August 10, 1999, the Tax Claim Bureau mailed to Charmaine Difenderfer another notice of sale, by ordinary first-class mail, in an attempt to comply with the requirements of section 602(e)(2). (NT, 13-16.)

(8) At the time it mailed Charmaine Difenderfer her section 602(e)(2) notice, the Tax Claim Bureau obtained a certificate of mailing (postal service form 3817); however, the postmark on that form bears a date that is completely illegible. (Tax Claim Bureau exhibit no. 6.)

(9) On September 24, 1999, the Carbon County Tax Claim Bureau exposed Difenderfers' property for sale at an upset sale for delinquent real estate taxes in the amount of $3,597.51.

(10) Difenderfers' property was purchased at the tax sale by defendant Gardner family trust for the sum of $7,159.14. (Deposition of Joanne Huber, 20.)

(11) Difenderfers filed timely exceptions to this tax sale.

## DISCUSSION

In their exceptions, the Difenderfers alleged that the Tax Claim Bureau failed to comply with the notice and posting requirements set forth in section 602 of the Real Estate Tax Sale Law (72 P.S. §5860.602) and that its failure to do so rendered the resulting sale of their property fatally defective.

Section 602 sets forth three forms of notice which must be given before a property may be sold for delinquent real estate taxes:[2]

(1) Publication in a newspaper of general circulation and the county law journal not less than 30 days prior to the scheduled sale;

---

2. Since the Difenderfers' property was not owner-occupied, sale notice by personal service under section 601(a)(3) was not required.

(2) Notice by certified mail, restricted delivery, at least 30 days prior to the sale, and if such notice is not acknowledged, then by regular mail not less than 10 days prior to the sale; and

(3) Posting of the property at least 10 days prior to the sale.

In the instant case, there is no serious dispute that the first and third items have been complied with.[3] The sale was duly advertised in the county law journal and in a newspaper of general circulation and sale notices were duly mailed by certified mail, restricted delivery, to both property owners. Mr. Difenderfer's notice was received, as evidenced by the signed return receipt card bearing his signature. Mrs. Difenderfer's notice, however, was returned by the post office to the Tax Claim Bureau marked "unclaimed," following three unsuccessful delivery attempts. As a result, and pursuant to section 602(e)(2), the Tax Claim Bureau was required to send her another notice of sale by first-class mail addressed to her last known post office address, with proof of mailing, at least 10 days prior to the scheduled sale. The only issue, therefore, is whether the bureau complied with the requirements of section 602(e)(2) as to Mrs. Difenderfer.

At the hearing, Mrs. Difenderfer testified that she was away from her New Jersey home during most of the summer of 1999. Her husband generally took care of all fam-

---

3. Initially, the Difenderfers maintained that the property had never been posted. At the conclusion of the evidentiary hearing on September 26, 2000, we left the record open to afford them an opportunity to depose their tenants in support of their theory of defective posting. However, they failed to do so and this issue is therefore deemed abandoned.

ily financial matters, including the payment of bills, and this was particularly true during her absences from home. She claimed that he never told her that the taxes were unpaid, or that their Pennsylvania home was scheduled for a tax sale. She maintained that she knew nothing about the sale or the unpaid taxes, until she received a notice from the Tax Claim Bureau, dated October 4, 1999, advising her that her property had been sold on September 26, 1999. We found Mrs. Difenderfer's testimony credible and neither the Tax Claim Bureau nor Gardner family trust presented any evidence to rebut it.

It is clear that where all statutory notice requirements have been complied with, the mere fact that a property owner did not receive the notice will not defeat a tax sale. *Kleinberger v. Tax Claim Bureau of Lehigh County,* 64 Pa. Commw. 30, 438 A.2d 1045 (1982). The problem in the instant case, however, is that the Tax Claim Bureau is unable to prove that it complied with the regular mail notice requirements set forth in section 602(e)(2) of the Act, which provides, in pertinent part, that

"If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least 10 days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first-class mail, proof of mailing, at his last known post office address . . . ."

Joanne Huber, who was director of the Tax Claim Bureau at the time of the Difenderfer sale, testified at deposition that her office mailed a copy of the sale notice to Charmaine Difenderfer at least 10 days prior to the sale. However, she had no personal knowledge of this particular notice, testifying only as to the normal

practice of her office in sending out 10-day notices. (NT, 13-16.) The proof of mailing, which was obtained by the bureau in attempted compliance with section 602(e)(2) bears a postage meter imprint with an illegible date. On the copy admitted in lieu of the original, no date at all is legible. (Tax Claim Bureau exhibit no. 6.) On the original, which Ms. Huber referred to during her testimony, only the year "1999" is barely discernible. (NT, 14.) There is thus no proof that a timely 602(e)(2) notice was mailed to Mrs. Difenderfer as required by the Act.

Strict compliance with all methods of notice prescribed by the Tax Sale Law (publication, posting and mailing) is a precondition of a valid tax sale. Moreover, the Tax Claim Bureau has the burden of proving compliance with all applicable notice provisions. *In re Upset Tax Sale of September 25, 1989,* 150 Pa. Commw. 191, 615 A.2d 870 (1992); *Rinier v. Tax Claim Bureau of Delaware County,* 146 Pa. Commw. 568, 606 A.2d 635 (1992). If any one of the three forms of notice is defective, the sale is void. *In re Tax Sale of 28.8525 Acres in Middlecreek Township,* 688 A.2d 1239 (Pa. Commw. 1997).

The sole exception to the rule requiring strict compliance with the statutory notice requirements is when the property owner has received actual notice of the sale. In such a case, the owner may not hide behind some minor or technical defect in the notice, since to hold otherwise would "exalt form over substance, and ignore the purposes of the [notice] requirement." *In re Matter of Tax Sales by Tax Claim Bureau of Dauphin County,* 651 A.2d 1157 (Pa. Commw. 1994), *appeal denied,* 544 Pa. 650, 664 A.2d 978 (1995). Here, however, there is no evidence that Charmaine Difenderfer had any knowledge

that her property was about to be sold for unpaid taxes. Her unequivocal testimony was that she had no such knowledge and neither the Tax Claim Bureau nor the tax sale purchaser produced any evidence to the contrary. This fact, coupled with the deficient proof of mailing, renders the tax sale fatally defective.

Based upon the foregoing findings of fact and discussion, we make the following

## CONCLUSIONS OF LAW

(1) The Carbon County Tax Claim Bureau failed to comply with the notice provisions set forth in section 602(e)(2) of the Tax Sale Law (72 P.S. §5860.602(e)(2)) in that it failed to prove that it mailed a timely 10-day notice of sale to Charmaine Difenderfer.

(2) As a result of the failure of the Tax Claim Bureau to comply with the foregoing notice requirement, the purported sale of the property of John Difenderfer and Charmaine Difenderfer by the Carbon County Tax Claim Bureau on September 24, 1999, is null and void.

Based upon the following findings of fact, discussion and conclusions of law, we enter the following order:

## ORDER

And now, June 14, 2001, upon consideration of the exceptions of John Difenderfer and Charmaine Difenderfer to the tax sale held on September 24, 1999, of property situate at lot no. 1760, section IV, in the development known as Towamensing Trails located in Penn Forest Township, Carbon County, and designated as tax parcel no. 22A-51-D1760, and after hearing thereon, and

after consideration of the briefs and submissions of all parties, it is hereby ordered and decreed that said exceptions be, and the same hereby are, sustained.

It is further ordered and decreed that the tax sale of September 24, 1999, as to the aforementioned property of exceptants, be, and the same hereby is, declared null and void.