# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Consolidated Return of : <br>
Luzerne County Tax Claim : <br>
Bureau of the Upset Tax Sale of : <br>
Properties held on April 26, 2013 : No. 2091 C.D. 2013 <br>
         : Submitted: June 13, 2014 <br>
Appeal of: Jack P. Covert and : <br>
Alice Covert :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge <br>
              HONORABLE ROBERT SIMPSON, Judge <br>
              HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION** <br>
**BY JUDGE SIMPSON**           **FILED: July 30, 2014**

In this appeal, Jack P. Covert and Alice Covert, who are son and mother (collectively, the Coverts), ask whether the Court of Common Pleas of Luzerne County (trial court) erred in denying their exceptions and petition to set aside an upset tax sale. The Coverts primarily assert the Luzerne County Tax Claim Bureau (Bureau) failed to afford them proper notice of the upset tax sale where it did not mail separate notices of the sale to each of the co-tenant owners of the property in accordance with Section 602 of the Real Estate Tax Sale Law[1] (RETSL). Because we agree with the Coverts that the Bureau did not provide proper mail notice of the upset tax sale, we reverse.

The Coverts owned property located at 86 South Main Street, Wilkes-Barre, Luzerne County (subject property), together with two other individuals, Jack

---

[1] Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §5860.602.

P. Covert (father) and Terri A. Covert (wife). The elder Jack P. Covert died in 2004.

In April 2013, the Bureau held an upset tax sale for the subject property. JAM Downtown, LLC (Purchaser) successfully bid on the subject property. After the trial court entered an order confirming the sale, the Coverts filed exceptions and a petition to set aside the upset tax sale. Primarily, they argued that the Bureau did not properly provide separately mailed notices of the sale to each of the owners of the subject property. The Coverts obtained a rule returnable from the trial court setting a hearing. Purchaser subsequently filed its response to the Coverts' exceptions. It disputed the Coverts' claim of improper notice.

At the scheduled hearing, neither of the Coverts appeared. However, the Coverts' counsel appeared and requested a continuance on the ground that Appellant Jack P. Covert was involved in ongoing domestic litigation in California. Also, Appellant Jack P. Covert's elderly mother, Alice Covert, relied on him to transport her to the hearing. Purchaser's counsel opposed the continuance request. The trial court denied the continuance request, and the hearing proceeded.

Counsel for the Bureau presented the Bureau file. The file included, among other things, certified mail notice of the upset tax sale sent to Jack P. Covert "et al[.]," which was returned as "unclaimed," proof of publication of the tax sale, and a notice of the tax sale that was posted on the door of the subject property. Reproduced Record (R.R.) at 24a. Purchaser then presented the testimony of

2

Nadine Emil (Emil), the assistant director for the Bureau. Emil testified that the Bureau mailed notice of the upset tax sale to "Covert, Jack P., et al[.], 431 2nd Street, Harvey's Lake, Pennsylvania." R.R. at 26a.[2] Because the certified mail notice of the upset tax sale was returned as unclaimed, the Bureau sent a notice 10 days prior to the sale by regular mail.

Purchaser also presented various documents showing Alice Covert's address, including a tax assessment record, an M&T Bank home equity line of credit, and docket sheets from the Luzerne County Prothonotary's Office regarding municipal liens filed against Alice Covert. Counsel for both parties then presented brief closing arguments.

Ultimately, the trial court issued an order denying the Coverts' exceptions and their petition to set aside the tax sale. The Coverts filed a notice of appeal to this Court. The trial court also directed the Coverts to file a concise statement of the errors complained of on appeal, which they did. The Coverts also filed a motion for reconsideration, which the trial court denied. The trial court then issued an opinion pursuant to Pa. R.A.P. 1925(a) in which it rejected the Coverts' assertion that it abused its discretion by denying their continuance request. The trial court also rejected the Coverts' argument that the Bureau did not provide them with proper mailed notice of the upset tax sale. This matter is now before us for disposition.

---

[2] The trial court took judicial notice that, because of 911 emergency service issues, the address on the original deed, which was "RR #1, Box 352, 2nd Street, Harvey's Lake, PA 18618" was the same address as "431 2nd Street, Harvey's Lake, PA 18618-7840," where the mailed notices were sent. Reproduced Record at 26a-27a.

On appeal,[3] the Coverts maintain that the Bureau's failure to send separate notices of the upset tax sale to each of the owners of the subject property and to perform any investigation as to the Coverts' current addresses in accordance with the RETSL deprived them of the subject property without due process of law. They argue that the evidentiary record and the Bureau's file reflect that only one notice of the upset tax sale was sent to *Jack P. Covert, et al.*, by certified mail and one notice of the upset tax sale was sent to *Jack P. Covert, et al.*, by regular mail. The Coverts assert that the Bureau sent no separate notices to each record owner (Jack P. Covert, Alice Covert, Terri Covert, and Jack P. Covert (father)), as required by Sections 602(e)(1) and (2) of the RETSL, 72 P.S. §§5860.602(e)(1), (2). The Coverts contend that Section 602 of the RETSL requires a separate and individual notice be sent to each named owner whether that owner holds title as a tenant in common, in joint tenancy or as tenants by the entireties. Johnson v. Teslovich, 406 A.2d 1374 (Pa. 1979). The Coverts maintain that a notice sent to multiple co-tenants with the designation "et al." is violative of the due process of the unnamed co-tenants. See LaBracio v. Northumberland Cnty., 467 A.2d 1221 (Pa. Cmwlth. 1983); see also Appeal of Marshalek, 541 A.2d 398 (Pa. Cmwlth. 1988). We agree.

The RETSL provisions governing upset sales require the tax claim bureau to provide three types of notice: published notice, mail notice and posted notice. 72 P.S. §5860.602. It is well established that the RETSL's notice

---

[3] In tax sale cases, this Court's review is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence. Rice v. Compro Distrib., Inc., 901 A.2d 570 (Pa. Cmwlth. 2006).

4

provisions are to be strictly construed, and that strict compliance with such provisions is necessary to guard against deprivation of property without due process of law. Rinier v. Tax Claim Bureau of Delaware County, 606 A.2d 635 (Pa. Cmwlth. 1992). Additionally, if any one of the required methods is defective, the sale is void. Id. Further, the Bureau carries the burden of proving strict compliance with all three statutory notification requirements. Id.

Of particular relevance here is the provision governing mail notice, which provides (with emphasis added):

> (e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:
>
> (1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

72 P.S. §5860.602(e)(1). Section 102 of the RETSL defines "owner," in pertinent part, as "the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording …." 72 P.S. §5860.102.

In addition, Section 602(e)(2) of the RETSL states that if the return receipt for the mail notice is not received from "each owner," then:

> [A]t least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by

5

the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

72 P.S. §5860.602(e)(2) (emphasis added).

The primary purpose of the RETSL is to insure the collection of taxes, not to strip away a citizen's property rights. Stanford-Gale v. Tax Claim Bureau of Susquehanna Cnty., 816 A.2d 1214 (Pa. Cmwlth. 2003). Thus, adequate notice to property owners is a prerequisite before the execution of any tax sale. Id. However, actual notice of a pending tax sale waives strict compliance with statutory notice requirements, and technical deficiencies in those notice requirements do not invalidate a tax sale. Id.; Sabbeth v. Tax Claim Bureau of Fulton Cnty., 714 A.2d 514 (Pa. Cmwlth. 1998).

With regard to the requirement that separate mail notice be given to each owner, in Stanford-Gale, this Court summarized:

> In Boehm v. Barnes, 437 A.2d 784 (Pa. Cmwlth. 1981), we held that where a partnership stands as owner of a property, notwithstanding the prior mailing of tax bills to one partnership address, each partner required separate notice of a tax sale on the property. In [LaBracio], tenants in common as property owners were held to each be required to receive separate notice of a pending tax sale. In Appeal of Mangine, 487 A.2d 45 (Pa. Cmwlth. 1985), husband and wife owners, as tenants in entirety, were held to each require receipt of separate notice of a tax sale. This rule of separate required notice of a tax sale has also been applied to remaindermen, Donaldson v. Ritenour, 524 A.2d 1044 (Pa. Cmwlth. 1987), and to concurrent-owner trustees that were individually listed as multiple owners on a

6

deed, <u>Krumbine v. Lebanon County Tax Claim Bureau</u>, [663 A.2d 158 (Pa. 1995)].

<u>Stanford-Gale</u>, 816 A.2d at 1218.

Further, in <u>Teslovich</u>, our Supreme Court held that Section 602 of the RETSL "<u>requires separate and individual notice to each named owner of property; regardless of whether that owner holds in common, in joint, or by the entireties</u>." <u>Id.</u> at 1378 (emphasis added).

Similarly, in <u>LaBracio</u>, this Court held that where a tax claim bureau sent notice of an impending tax sale in the name of only one of three owners of a property, followed by the designation "et al.," rather than directing notice to each individual owner, the Bureau violated Section 602 of the RETSL. <u>Accord</u> <u>Marshalek</u> (holding that notice of tax sale was required to be given to all tenants in common of a property, and failure to do so invalidated the sale of the undivided one-fifth interest of one of the tenants in common, despite the fact that none of the other co-tenants' interests was sold and none of the other co-tenants objected).

Here, the trial court determined that the Bureau's mailed notice complied with Section 602 of the RETSL where the Bureau sent notice of the upset tax sale to the address listed for both of the Coverts. The trial court further stated that the address used by the Bureau was the address listed on the various exhibits submitted by Purchaser at the hearing. However, the trial court offered no response to the Coverts' argument that the mail notice sent by the Bureau violated Section 602 of the RETSL where the Bureau sent the notice to Jack P. Covert "et al.," and did not send separate notice to each of the owners as required by this

7

Court's decision in <u>LaBracio</u>. Based on our Supreme Court's holding in <u>Teslovich</u> and this Court's decision in <u>LaBracio</u>, the trial court erred in determining the mail notice sent by the Bureau complied with Section 602 of the RETSL.

More specifically, as in <u>LaBracio</u>, the record, including the Bureau's file, <u>see</u> R.R. at 24a, 30a, reveals that the Bureau mailed certified mail notice to only one named owner, Jack P. Covert, followed by the designation "et al.," rather than mailing separate notice to each owner. Further, Nadine Emil, the assistant director for the Bureau, testified as follows (with emphasis added):

> Q. Nadine, where did you send this notice with respect to this individual property?
>
> A. To 2nd Street. 431 2nd Street, Harveys Lake.
>
> Q. How is that notice sent?
>
> A. They are sent regular mail.
>
> Q. Do you have any indication that the address of 2nd Street was an accurate address for these particular property owners for all of them?
>
> A. Just what was in our system.
>
> Q. <u>Are you familiar with the fact that there were four property owners to this particular property</u>?
>
> A. <u>We sent it out as et al</u>.
>
> &#42; &#42; &#42; &#42;
>
> Q. <u>Was a notice sent to a Terry A. Covert</u>?
>
> A. <u>No</u>.
>
> Q. <u>Was there a notice sent to Alice R. Covert</u>?

8

A. <u>No</u>.

Q. <u>Was there a second notice sent to another Jack P. Covert</u>?

A. <u>Just the one that's on here</u>.

Q. <u>Are you aware that there are two Jack Coverts listed as grantees for the deed to this property</u>?

A. <u>No</u>.

Q. <u>Do you have anything in your file that would reflect an investigation by your office as to what the current addresses for any of those people that I just enumerated to you</u>?

A. <u>No, we don't</u>.

R.R. at 25a-26a. In short, the Bureau did not mail notice of the upset tax sale, either by certified mail or regular mail, to each owner of the subject property as required by Section 602 of the RETSL. <u>Teslovich</u>. Rather, the Bureau mailed notice to only one of the named owners of the subject property followed by the designation "et al.," which is insufficient to satisfy Section 602 of the RETSL. <u>LaBracio</u>.

While Purchaser asserts that actual notice (either express or implied) of a pending tax sale waives strict compliance with the RETSL's notice requirements,[4] the trial court here made no finding that Alice Covert had actual notice of the impending tax sale. In fact, a fair reading of the trial court opinion suggests the opposite conclusion. <u>See</u> Tr. Ct., Slip Op., 1/28/14, at 6. This is not

---

[4] <u>See</u>, <u>e.g.</u>, <u>Popple v. Luzerne Cnty. Tax Claim Bureau</u>, 960 A.2d 517 (Pa. Cmwlth. 2008); <u>Cruder v. Westmoreland Cnty. Tax Claim Bureau</u>, 861 A.2d 411 (Pa. Cmwlth. 2004); <u>Sabbeth v. Tax Claim Bureau of Fulton Cnty.</u>, 714 A.2d 514 (Pa. Cmwlth. 1998).

9

surprising given the absence of clear evidence that Alice Covert did, in fact, have actual notice of the tax sale.[5]  Additionally, although Purchaser argues that the trial court could draw an adverse inference that Alice Covert had actual notice of the tax sale based on her failure to appear and testify at the hearing, the trial court's opinion does not indicate that it drew such an inference, and we may not do so on appeal.

For the foregoing reasons, we reverse the trial court's order and set aside the upset tax sale.[6]

ROBERT SIMPSON, Judge

---

[5] The trial court stated that the exhibits submitted by Purchaser, which includes an assessment record, printouts of docket sheets regarding municipal liens filed against Jack Covert, a copy of a telephone book entry for Jack Covert, and a home equity line of credit signed for by Jack P. Covert and Alice Covert, bear the same address for the Coverts as the address to which the Bureau sent notice here.  However, the trial court offered no further explanation as to how these documents, standing alone, prove that Alice Covert had actual notice of the upset tax sale.

[6] Based on our resolution of this matter, we need not address the Coverts' remaining arguments that the trial court abused its discretion in denying their continuance request as well as their motion for reconsideration.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

In Re: Consolidated Return of      :
Luzerne County Tax Claim      :
Bureau of the Upset Tax Sale of      :
Properties held on April 26, 2013      :    No. 2091 C.D. 2013
     :
Appeal of: Jack P. Covert and      :
Alice Covert      :

# **O R D E R**

**AND NOW**, this 30th day of July, 2014, the order of the Court of Common Pleas of Luzerne County is **REVERSED**.

 

              _____
              ROBERT SIMPSON, Judge