# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Upset Tax Sale of        :
Parcel No. 56-2920-012405 of    :
September 11, 2013            :   No. 169 C.D. 2014
                                 :   Argued: December 8, 2014
Appeal of: Jeremy B. Vonstein    :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                      **FILED: March 4, 2015**


Jeremy B. Vonstein (Vonstein) appeals from the January 7, 2014 Order of the Court of Common Pleas of Lycoming County (trial court), denying Vonstein's Petition to Set Aside Upset Tax Sale of September 11, 2013.

Vonstein is the record owner of property located at 485 Mountain Road, Montoursville, Lycoming County, Tax Parcel No. 56-2920-012405 (Property). Vonstein became delinquent in the payment of real estate taxes levied against the Property and the Property was purchased by a qualified buyer at a tax upset sale. On November 1, 2013, Vonstein filed a Petition to Set Aside Sale, due to the failure of the County Tax Claim Bureau (Bureau) to provide notice of the sale as required by Section 602 of the Real Estate Tax Sale Law (Tax Sale Law).[1] (Certified Record (R.) Item No. 25.) Section 602(a) of the Tax Sale Law requires that before an upset tax sale, the public must be given notice of the sale. 72 P.S. §

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

5860.602(a). In addition, each owner of the property being listed for upset tax sale must be given notice by certified mail. Section 602(e) states:

> (e) In addition to such publications, similar notice of sale shall also be given by the bureau as follows:
>
> (1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.
>
> (2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.
>
> (3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

72 P.S. § 5860.602(e).

A hearing was held on December 19, 2013 before the trial court, at which Vonstein and the Director of the Bureau (Bureau Director) testified. The Bureau Director testified that the 30 day notice of tax sale required by Section 602(e)(1) of the Tax Sale Law was sent on or about June 4, 2013 to Vonstein via certified mail, return receipt requested, restricted delivery. It was addressed to him at 872 Rural Avenue, 2nd Floor, Williamsport, which was the address on file with the assessment office, but was a previous address of Vonstein. The letter was

2

returned to sender, marked by the post office as "attempted, not known, unable to forward." (Transcript of Proceedings, December 19, 2013 (H.T.) at 3.)

A second notice, which the Bureau Director referred to as the "original 10 day notice," was sent on August 13, 2013 to the same, Williamsport, address. The Bureau Director testified that this notice was also returned to the Bureau, whereupon he directed staff to search for a better address. (H.T. at 3, 14.)

The same notice letter dated August 13, 2013 was readdressed and mailed via regular, first class mail, on August 23, 2013, to Vonstein at 2 South Charles Street, Dallastown, where Vonstein currently resides. (H.T. at 11.) The letter mailed on August 23, 2013 was delivered, but Vonstein testified that he could not state that it was received within 10 days of the upset tax sale on September 11, 2013 because he had been away from home for a period of time, and the mail was unopened. (H.T. at 11.) The Bureau Director testified that between June 4, 2013 when the first notice was sent and August 13, 2013 when the second notice was sent, Bureau procedure mandated that staff examine the County assessment records to determine whether there had been any ownership change or address change; given no evidence of change, the second notice would have been sent to the same address. He stated that after the notice sent August 13, 2013 was returned and as it grew closer to the upset sale date, Bureau procedure was to look again, and he testified that he searched for and found the current, Dallastown address in a criminal costs and fines division database that he also administers. (H.T. at 19-21.) Vonstein testified that he was in the process of selling the property and he knew he owed back taxes to the County, but intended to pay them in conjunction with the sale. He also testified that he receives mail at the Property, which is vacant except for a recreational vehicle he keeps there and, during the

3

period on and after August 24, 2013, he was away from the Dallastown address because he was at the Property, preparing it for sale. (H.T. at 23-24.)

In its January 7, 2014 opinion, the trial court found that the Bureau complied with the notice provisions of the Tax Sale Law, and that Vonstein had offered no basis upon which to set aside the sale. (Trial Court Opinion at 4.)

On appeal to this Court,[2] Vonstein argues that the Bureau incorrectly utilized Vonstein's previous address even though it had actual notice that Vonstein was residing at a Dallastown address. He avers that the only notice mailed to his proper address was the final 10 day notice, and that he did not receive this notice until after the tax sale. Therefore, Vonstein argues, strict compliance with the 30 day notice provision did not occur, and compliance with all of the notice provisions is required.[3]

Vonstein cites our decision in *Rinier v. Tax Claim Bureau of Delaware County*, 606 A.2d 635 (Pa. Cmwlth. 1992), for the proposition that reasonable efforts must be made to locate a landowner whose property has been exposed for tax sale. However, *Rinier* is readily distinguishable; in addition to finding that the subject property had been improperly posted, our Court found there that the tax bureau received acknowledgement from only one of the owners of a property held as a tenancy by the entirety (owners had divorced and one spouse was living in Florida), and thereafter made no reasonable effort to locate and notify the absent spouse prior to the tax sale. *Id.* at 641. Our Court accordingly

---

[2] In tax sale cases, this Court's review is limited to determining whether the common pleas court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence. *Rice v. Compro Distributing, Inc.*, 901 A.2d 570, 574 (Pa. Cmwlth. 2006).

[3] Vonstein does not challenge the propriety of the publishing and posting of tax sale notices required by the Tax Sale Law.

concluded that the tax bureau had not complied with the mail notice requirement. Here, although the Bureau sent two notices to the incorrect address, it searched for, and discovered the correct address, and mailed the notice to the only owner's correct address more than ten days prior to the sale date.

In *Tracy v. County of Chester Tax Claim Bureau*, 49 A.2d 1334 (Pa. 1985), our Supreme Court set forth the "reasonable effort" requirement as follows:

> [W]here a taxing authority intends to conduct a sale of real property because of nonpayment of taxes, it must notify the record owner of property by personal service or certified mail, *and where the mailed notice has not been delivered because of an inaccurate address, the authority must be a reasonable effort to ascertain the identity and whereabouts of the owner(s).*

*Id*. at 1338-39 (footnote omitted) (emphasis in original). As noted by the trial court, Vonstein's argument that he had been away from home for a period of time, had not opened the mail and therefore had no actual notice of the tax sale, must fail. *In re Upset Tax Sale Held 11/10/97*, 784 A.2d 834 (Pa. Cmwlth. 2001) (where the county tax claim bureau complied with the notice provisions prescribed, the fact that notice was not actually received by a husband whose spouse signed her husband's name on the return receipt did not defeat the sale.) Section 602(h) of the Real Estate Tax Sale Law provides that "no sale shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this statute." 72 P.S. § 5860.602(h).

The notice requirements require that where a return receipt signed by the property owner is not returned to the Bureau by the Post Office, the Bureau must mail to the property owner a sale notice by first class mail at least ten days

before the date of the sale. The ten day notice was addressed to Vonstein's correct address and was delivered. The Bureau successfully completed service by mail on Vonstein as required. Accordingly, we affirm.

_____
**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Upset Tax Sale of        :
Parcel No. 56-2920-012405 of     :
September 11, 2013           :   No. 169 C.D. 2014
                              :
Appeal of: Jeremy B. Vonstein     :

## O R D E R

AND NOW, this 4th day of March, 2015, the Order of the Court of Common Pleas of Lycoming County dated January 7, 2014, denying the Petition Set Aside Upset Tax Sale and confirming the tax sale of Parcel No. 56-2920-012405, is AFFIRMED.

**JAMES GARDNER COLINS, Senior Judge**