524 A.2d 1044

Harold A. Donaldson and Laura Donaldson, his wife, Appellants *v.* Robert Ritenour, et al., Appellees.

Submitted on briefs March 26, 1987, to Judges MACPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*J. E. Ferens, Jr.,* for appellants.

*Daniel G. Reilly,* for appellees.

OPINION BY JUDGE COLINS, April 23, 1987:

Harold and Laura Donaldson (appellants) appeal an order of the Court of Common Pleas of Fayette County which sustained preliminary objections in the nature of a demurrer to the appellants' complaint to quiet title and which dismissed the complaint without leave to amend.

Alvin and Myra Chanin and Harvey and Anna Porter (appellees) owned a one acre plot of land in which,

by a recorded deed dated July 11, 1975, they conveyed a life estate to Robert Ritenour and, upon his death, to his daughter, Connie, until she reached the age of twenty-one, the property to then revert back to the appellees in fee simple. Robert Ritenour was still alive in June 1979 when Connie Ritenour had her twenty-first birthday, and she consequently lost any interest she had previously had in the property. On September 10, 1979, a tax sale was held concerning the subject property, which was purchased there by Michael and Rita Romansky. Although Robert Ritenour, the life tenant, received prior notice of the tax sale, no such notice was given to or received by the appellees. The life tenant died on October 10, 1983 and the Romanskys conveyed title to the property to the appellants on January 3, 1984. The appellants thereafter filed an action to quiet title, alleging that the appellees' interest had been terminated by the tax sale pursuant to the Real Estate Tax Sale Law.[1] In sustaining the demurrer, the trial court noted that the reversionary interest possessed by the appellees was a vested interest which could not be divested without notice of the tax sale.

The appellants contend that the appellees were merely contingent remaindermen and consequently did not possess a vested interest in the subject property. We must disagree, however, for, as the trial court correctly noted, the purportedly contingent remainder possessed by the appellees was a reversion[2] and, consequently, a vested interest representing the remaining portion of the fee simple interest not conveyed to the life tenant.

---

[1] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§5860.101-5860.703.

[2] The difference between a reversion and a remainder is that the former is the remnant of an estate retained by a grantor or his heirs after the grant of part of his interest. A remainder, however, is

The appellants also contend that, notwithstanding any vested interest the appellees possessed, they did not possess the premises at the time of the sale and consequently were not required to receive notice of the tax sale. The appellants argue that, accordingly, the appellees' interest was divested pursuant to the provisions of Section 609 of the Law, 72 P.S. §5860.609, which, at the time of the sale, provided for the discharge of the lien of every obligation, claim, lien or estate with which property sold at a tax sale was liable.

We preliminarily observe that the notice provisions set forth in Section 602 of the Law, 72 P.S. §5860.602, were previously held violative of mortgagees' due process rights because personal or mailed service was not required for record judgment creditors. *In Re: Upset Tax, Tax Claim Bureau of Berks County,* 505 Pa. 327, 479 A.2d 940 (1984). It is now clearly established that reasonable actual notice must be provided of an event which may significantly affect a legally protected property interest. Such notice is required for judgment creditors, *Berks County,* and record mortgagees, *First Pennsylvania Bank v. Lancaster County Tax Claim Bureau,* 504 Pa. 179, 470 A.2d 938 (1983). In recognition of this requirement, the legislature amended the provisions of Section 609 of the Law in 1984 so that it now provides that each "such sale shall convey title to the property *under and subject to* the lien of every recorded obligation, claim, lien, estate, mortgage or ground rent." Section 609 of the Act of July 7, 1947, P.L. 1368, *as amended by* Section 1 of the Act of June 8, 1984, P.L. 382, 72 P.S. §5860.609 (emphasis added). It

---

created by the parties' act, and represents the remnant of the whole estate otherwise disposed of. *Smith v. Glen Alden Coal Co.,* 347 Pa. 290, 32 A.2d 227 (1943); *see also Miller v. Dierken,* 153 Pa. Superior Ct. 389, 33 A.2d 804 (1943).

would, we believe, be anomalous to require notice of a tax sale to protect judgment creditors and mortgagees while failing to require such notice for those with a vested property interest such as the appellees. We discern no reasonable basis on which to distinguish the due process notice required to protect the interests of creditors and mortgagees implicated in *Berks* and *Lancaster* from the due process notice necessary for the appellees' vested interest here in question.

Inasmuch as the appellees were named in the recorded deed, the extinction of their interest in the subject property without prior notice would contravene due process principles. Accordingly, the former discharge provisions of the Law may not be given effect against the appellees' interests. We will, therefore, affirm the trial court's order.[3]

ORDER

AND NOW, April 23, 1987, the order of the Court of Common Pleas of Fayette County in the above-captioned matter is affirmed.

---

[3] We note that the issue presented for our review here is a narrow one solely concerning the propriety of the demurrer granted by the trial court with respect to the appellants' action to quiet title. No issue has been raised or preserved as to the identity of the party entitled to ownership or peaceful possession of the property in question.