# Wengerd v. Nature Conservancy

C.P. of Monroe County, nos. 1857 CIVIL 2004, 2321 CIVIL 2004, 3124 CIVIL 2004.

*Peter B. Foster,* for plaintiffs.
*Nicholas C. Haros,* for Nature Conservancy.
*Gerard J. Geiger,* for Pocono Heritage Land Trust.
*John L. Downing,* for Commonwealth.
*James F. Marsh,* for Monroe County Tax Claim Bureau.

O'BRIEN, *J.,* December 19, 2005—Graham McKelvy Walker, et ux. executed a deed on December 17, 1997, donating approximately 111 acres of land situate in Cherry Valley, Hamilton Township, Monroe County to The Nature Conservancy, a nonprofit corporation. (Exhibit J-D.) On June 24, 1998, The Nature Conservancy transferred ownership of the property to Pocono Heritage Land Trust, a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania, for the purpose of conducting exclusively charitable, scientific and educational activities. (Exhibit J–E.) Although the Pocono Heritage Land Trust was granted tax-exempt status by the Chief Assessor of Monroe County effective for the 2002 tax year (exhibit J-B), the Trust failed to pay taxes on the 111 acres for the year 2001. Consequently, the property was sold at a tax sale on September 26, 2003, to David S. Wengerd, et ux. Subsequently three separate actions have been filed with respect to title to the subject premises.

The deed from The Nature Conservancy to Pocono Heritage Land Trust provides in pertinent part as follows:

"This conveyance is made subject to the express condition and limitation that the premises conveyed shall forever be held as a nature preserve for scientific, educational and aesthetic purposes, and shall be kept entirely in its natural state, excepting only such fences, foot trails and property maintenance activities as may be appropriate to effectuate the foregoing purpose without impairing the essential natural character of the premises.

"Should the premises cease to be used solely as provided herein, then the estate hereby granted to the grantee shall cease to exist and shall revert to and vest in The Nature Conservancy . . . ." (Commonwealth's exhibit 2.)

On March 16, 2004, the purchasers at the tax sale commenced a declaratory judgment action against The Nature Conservancy and Pocono Heritage Land Trust, asking the court "to declare that the said conditions set forth in the deed between the defendants dated June 24, 1998 has been extinguished." Shortly after that complaint was served, Pocono Heritage Land Trust filed a petition to set aside tax sale alleging, inter alia, that it did not have notice of the sale. On May 4, 2004, The Nature Conservancy also filed a petition to set aside tax sale alleging, inter alia, that as a reversionary interest holder it also had not been notified of the sale. All parties have filed responsive pleadings in the respective actions. On May 13, 2005, this court granted the petition of the Attorney General of the Commonwealth of Pennsylvania to intervene in these proceedings. Following an evidentiary hearing on November 30, 2005, all of the above captioned proceedings are now before the court for disposition.

Although counsel for the parties have framed numerous issues with respect to these proceedings, a logical first step in our analysis must be to determine whether the Monroe County Tax Claim Bureau complied with the provisions of the Real Estate Tax Sale Law in providing notice to Pocono Heritage Land Trust of the sale held on September 26, 2003. The Real Estate Tax Sale Law provides in pertinent part as follows:

"(a) At least 30 days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner. . . .

"(e) In addition to such publications, similar notice of sale shall also be given by the bureau as follows:

"(1) At least 30 days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

"(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then at least 10 days before the date of sale, similar notice of sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue

of the knowledge and information possessed by the bureau, by the tax collector for taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

"(3) Each property scheduled for sale shall be posted at least 10 days prior to the sale." 72 P.S. §5860.602(a), (e).

"*Additional notification efforts.*

"(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interest are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, *the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The bureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county, and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property.* When such reasonable ef-

forts have been exhausted, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this act.

"(b) The notification efforts required by subsection (a) shall be in addition to any other notice requirements imposed by this act." 72 P.S. §5860.607a(a), (b). (emphasis supplied)

It is well settled law in our Commonwealth that the notice provisions are to be strictly construed and that strict compliance with the notice provisions is essential in order to prevent the deprivation of property without due process under the Pennsylvania Constitution and the Constitution of the United States. *In re Tax Claim Bureau of Chester County,* 208 Pa. Super. 384, 222 A.2d 602 (1966); see *In re Tax Claim Bureau of Schuylkill County Sale of September 29, 2000,* 798 A.2d 845 (Pa. Commw. 2002). Our Supreme Court in *Tracy v. County of Chester, Tax Claim Bureau,* 507 Pa. 288, 489 A.2d 1334 (1985) held that at a minimum, due process requires the government to notify an owner before his property is forfeited by the Commonwealth.

It is undisputed that the Monroe County Tax Claim Bureau advertised the tax sale as required by law in the *Monroe Legal Reporter* and the *Pocono Record,* a newspaper of general circulation in Monroe County. (Respondent's exhibit nos. 3, 4.) However, the certified record of the Monroe County Tax Claim Bureau fails to disclose any return receipt executed by the Pocono Heri-

tage Land Trust with respect to the mail notice. Although a second first class mail notice was mailed to another address, the evidentiary record discloses that that address was not a proper address for the owner of record. Most importantly, the evidentiary record makes apparent that the Monroe County Tax Claim Bureau failed to comply with the "additional notification efforts" required by the above quoted statute in several particulars. The evidentiary record also makes clear that, had the Bureau complied with the statutory requirements, it would have obtained the correct mailing address of P.O. Box 553 in Pocono Pines, Pennsylvania for the Pocono Heritage Land Trust.

In particular, the "additional notification efforts" include a search of current telephone directories for the county. Documentary evidence was presented at our hearing that there was a current phone number for the landowner in the Monroe County telephone directory in the year of the sale. (Petitioner's exhibits 3, 4.) The "additional notification efforts" also include a search of the dockets and indices of the county tax assessment offices. The evidence adduced at hearing established that the Pocono Pines address for the landowner was available in the Tax Assessor's computer system at the time of the sale. (N/T 146-48; exhibit J-B.) The "additional notification efforts" also include a search of the records of the Recorder of Deeds office. Documentary evidence was presented at our evidentiary hearing that the Recorder of Deeds office had on file deeds setting forth the correct Pocono Pines address of the landowner at the time of the sale. (Petitioner's exhibit 9.) Although additional availability of the identity and agents of the

landowner was presented at hearing, we conclude they are unnecessary to our conclusion, with the Monroe County Tax Claim Bureau having failed to comply with the foregoing enumerated explicit provisions of the statute which would have revealed a correct address for this landowner, the petition to set aside the tax sale must be granted.

It is also important not only for this sale but for future sales by the Monroe County Tax Claim Bureau that we point out a deficient practice with respect to the Bureau's posting of properties prior to sale. As noted in the above quoted statute, each property scheduled for sale shall be posted at least 10 days prior to the sale. In the case at bar, testimony was presented by the county employee who made the posting that she posted the sign on a "weed" located near a public road on the 111-acre tract of land. (N/T 152-54.) She admitted in her testimony that such notice could easily be blown away by passing vehicles on the public roadway. (N/T 163.) Since the purpose of the posting provision is to provide public notice to the landowner and others of the pending tax sale, we hold that tying a notice to movable vegetation such as a "weed" does not meet the statutory requirements for posting. If structures or other stationary objects are not available for posting, the Monroe County Tax Claim Bureau could easily utilize the type of signs supported by stakes which adorn the Pocono's landscape during every political campaign. If they have not already implemented such a practice, the Bureau should do so commencing with next year's sale.

While the foregoing analysis for all practical effects ends this litigation, we should note that there is clearly

legal authority on the issues raised in the other two proceedings. The testimony at hearing was undisputed that The Nature Conservancy, which held a reversionary interest in the premises sold at the tax sale, received no notification from the Monroe County Tax Claim Bureau with respect to the sale of the subject premises. In *Donaldson v. Ritenour,* 105 Pa. Commw. 383, 524 A.2d 1044 (1987), the Commonwealth Court held that a party holding a reversionary interest in real estate must receive notice of a tax sale of the premises in which they have an interest. The court observed:

"Inasmuch as the appellees were named in the recorded deed, the extinction of their interest in the subject property without prior notice would contravene due process principles." *Donaldson* at 387, 524 A.2d at 1046.

The same conclusion applies to the interest of The Nature Conservancy in these proceedings.

Finally, we note that David S. Wengerd, et ux., would not be entitled to a declaratory judgment on the ground that the tax sale extinguished the reversionary interest or restriction of use in the deed from The Nature Conservancy to Pocono Heritage Land Trust. In *Tide Water Pipe Co. v. Bell,* 280 Pa. 104, 117, 124 A. 351 (1924), our Supreme Court stated:

"We therefore hold that if land is sold for taxes, an easement, servitude, or interest in the nature of an easement, is not destroyed, but the purchaser takes subject thereto. It is the estate and interest of the real owner or owners of the land sold, which passes by the sale, and not some other estate or interest, which the real owner or owners did not have."

Therefore, the restriction on use in the chain of title was not extinguished by the tax sale.

## ORDER

And now, December 19, 2005, the complaint of David S. Wengerd and Emma L. Wengerd, his wife, for declaratory judgment is denied.

## ORDER

And now, December 19, 2005, it is ordered as follows:

(1) The petition of Pocono Heritage Land Trust to set aside the tax sale of the premises situated in Hamilton Township, Monroe County, Pennsylvania, consisting of approximately 111 acres of land and identified as Tax Parcel 07/92399, is granted.

(2) Pocono Heritage Land Trust shall forthwith deposit with the Monroe County Tax Claim Bureau a sum equal to the outstanding taxes on the premises and the cost of sale. The Tax Claim Bureau shall apply all funds on deposit toward the payment of all outstanding taxes and costs of sale and return to David S. Wengerd and Emma L. Wengerd all sums paid by them at the time of the sale.

## ORDER

And now, December 19, 2005, the petition of The Nature Conservancy to set aside the tax sale of the premises situate in Hamilton Township, Monroe County, Pennsylvania, consisting of approximately 111 acres of land and identified as Tax Parcel 07/92399, is granted.